**Calvin Gerald WILSON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 7097.**

United States Court of Appeals
Tenth Circuit.

Nov. 20, 1962.

John Kintzele, Denver, Colo., for appellant.

Jack R. Parr, Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., was with him on the brief), for appellee.

Before BRATTON, BREITENSTEIN and HILL, Circuit Judges.

PER CURIAM.

Appellant Wilson pleaded guilty to two counts of an indictment and received a five-year term on each count with the sentences to run consecutively. By motion, under Rule 35, F.R.Crim.P., he asserted that the consecutive sentences were illegal because the charges contained in each count arose out of the same transaction. The trial court treated the motion as one made under 28 U.S.C. § 2255 and denied relief.

As Rule 35 permits the correction of an illegal sentence at any time no necessity existed for treating the application under § 2255. Regardless of which procedure is proper the appellant is entitled to no relief. One count in-

volved the possession of a United States Treasury check taken from a letter stolen from a mail receptacle in violation of 18 U.S.C. § 1708, and the other count involved the forgery of an endorsement on that check in violation of 18 U.S.C. § 495. The imposition of consecutive sentences is proper when there are violations of different and separate statutes. Harris v. United States, 359 U.S. 19, 79 S.Ct. 560, 3 L.Ed.2d 597; Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405; Smith v. United States, 10 Cir., 273 F.2d 462, 467–468, certiorari denied 363 U.S. 846, 80 S.Ct. 1619, 4 L.Ed.2d 1729.

Affirmed.