UNITED STATES of America, Plaintiff-Appellee,

v.

Silone Cecil MADDOX, Defendant-Appellant.

No. 79-2622

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 15, 1980.

Rehearing Denied Feb. 12, 1980.

Silone Cecil Maddox, pro se.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Charles Michael Abbott, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before AINSWORTH, FAY and RANDALL, Circuit Judges.

PER CURIAM:

Appellant Silone Cecil Maddox appeals from the district court's denial of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Maddox pled guilty to four counts of forgery, four counts of uttering, and one count of possession of stolen mail in violation of 18 U.S.C. §§ 495, 1708. He received an eight-year sentence on each of the forgery and uttering counts, the sentences to run concurrently. On the possession of stolen mail count, he received a five-year sentence consecutive to the original sentence. On appeal, appellant contends that the five-year consecutive sentence was impermissible. Under *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 520 (1932), separate sentences are permissible under different statutes if each statute requires "proof of a different element." This case is not one where appellant was given consecutive sentences for separate violations of a single statute arising from a single transaction. *See United States v. Hernandez*, 591 F.2d 1019, 1022 n.9 (5th Cir. 1979). It is clear that the elements required for conviction under sections 495 and 1708 are distinct. *Compare United States v. Eddy*, 597 F.2d 430, 432–33 (5th Cir. 1979) (uttering requires proof of putting forth false writing, an attempt to circulate a check through fraudulent representation as to its genuineness, and defendant's intent to defraud) *with United States v. Turquitt*, 557 F.2d 464, 470 & n.10 (5th Cir. 1977) (possession of stolen mail requires that the check be in the mails, that it be stolen before being delivered to the addressee, and that it be possessed with knowledge that it

was stolen). *See Wilson v. United States*, 310 F.2d 879 (10th Cir. 1962). As a result, the consecutive sentence was permissible. The denial of appellant's 2255 motion is affirmed.[1]

AFFIRMED.

---

1. In response to the Government's brief, appellant raised the argument that his guilty plea was improper under Fed.R.Crim.P. 11. This issue was not raised in appellant's original 2255 motion before the district court nor was it presented in his first brief before this court, and is therefore not properly before us.