Fayette B. BIUS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6564.

United States Court of Appeals Tenth Circuit.

Jan. 19, 1961.

Robert H. Durham, Jr., Denver, Colo., for appellant.

John M. Amick, Asst. U. S. Atty., Oklahoma City, Okl. (Paul W. Cress, U. S. Atty., and Erwin A. Cook, Asst. U. S. Atty., Oklahoma City, Okl., with him on the brief), for appellee.

Before HUXMAN, PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

The defendant, Bius, was charged in the United States District Court for the Western District of Oklahoma in two separate informations with the offense of larceny from a bank, in violation of 18 U.S.C.A. § 2113(b). On pleas of guilty, he was sentenced to a term of five years on each information with the provision that the sentences should run concurrently. At the time the sentences were pronounced, the court knew that the accused was then serving prison terms totaling seven years pursuant to sentences by the United States District Court for the Southern District of Texas. In this proceeding under 28 U.S.C.A. § 2255, Bius attacks the validity of the Oklahoma sentences on the ground that they are indefinite and uncertain. The trial court dismissed the proceeding for the reason that the record and files of the case showed that the defendant was entitled to no relief.

The cases in the Oklahoma court were designated as "No. 17,414—Criminal" and "No. 17,415—Criminal." In pronouncing sentence in open court, the court announced that the sentence in case No. 17,414 was five years. In case No. 17,415 the sentence was also for five years, which was to run concurrently with the sentence in No. 17,414, but "consecutively with the term that he is now serving." On the same day the court entered formal judgments and sentences each of which provided that the defendant should be imprisoned "for a period of Five (5) years to commence upon the expiration of, or legal release from, sentences imposed in the Southern District of Texas, Laredo Division on September 20, 1955; Case No. 17,208—Criminal, Five (5) years from date of delivery, and in Case No. 17,083—Criminal, Two (2) years to commence upon expiration of sentence imposed in Case No. 17,208—Criminal, or until defendant is otherwise discharged as provided by law." In the judgment and sentence in case No. 17,415, it was ordered that the confinement provided for therein should "run concurrent with sentence imposed in Case No. 17,414—Criminal."

Criminal sentences should be reasonably definite and unambiguous, and disclose with fair certainty the intent of the sentencing court, but it is not necessary that they eliminate every conceivable doubt. Gibson v. Looney, 10 Cir., 258 F.2d 879; Hill v. U. S., 10 Cir., 186 F.2d 669; Ziebart v. Hunter, 10 Cir., 177 F.2d 847. The record and files disclose beyond any question of doubt that the trial court, in its pronouncement

from the bench and in its formal judgments and sentences, intended that the two 5-year sentences should be served concurrently after the defendant had completed his Texas sentences. The defendant so understood it, because he stated, at the time of oral pronouncement, "Judge, that would be twelve years, would it not?" There is no merit to the contention that the use of the words "consecutively with" another sentence creates an ambiguity or uncertainty fatal to the sentences. Martin v. United States, 10 Cir., 285 F.2d 150.

Affirmed.