Robert WERNER

v.

UNITED STATES of America.

Civ. A. No. 971.

United States District Court
E. D. North Carolina,
Wilson Division.

July 25, 1966.

Robert Werner, pro se.

Robert H. Cowen, U. S. Atty., by G. E. Tillett, Asst. U. S. Atty., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge (sitting by designation).

This cause comes before the Court upon a motion to vacate, set aside, or correct sentence, filed *in forma pauperis* by the petitioner, Robert Werner, pursuant to the provisions of 28 U.S.C. § 2255 (1959).

The material facts may be briefly stated as follows: In August of 1965 petitioner was sentenced by the Cumberland

County Criminal Session of Superior Court to a term of eighteen months to two years in the North Carolina State Prison. The offense for which he was convicted does not appear on the record. During this same month of August, 1965, Werner was indicted by a Federal Grand Jury in a one count indictment charging him with interstate transportation of a stolen automobile. After being incarcerated in the North Carolina State Prison, petitioner wrote to Federal authorities and requested that some disposition be made of the Federal charge. Subsequently he was taken from the prison to the United States District Court at Wilson, North Carolina and on October 4, 1965, entered a plea of guilty to the Federal indictment and executed a waiver of court appointed attorney and trial by jury. Thereupon, the defendant was sentenced by the Honorable John D. Larkins, Jr., United States District Judge, to a period of three years in the custody of the Attorney General, the sentence to commence at the expiration of his current sentence in the North Carolina State Prison.

In support of his motion, petitioner generally makes three contentions:

(1) that the federal sentence is an "indefinite sentence" since it is to begin at the expiration of the state sentence, and thus deprives him of due process of law;

(2) that the federal sentence is a "deferred" sentence and imposition of such is beyond the trial court's jurisdiction;

(3) that the two sentences are "in law and fact" consecutive and petitioner is "under obligation to the Federal sentence while in servance of his State sentence; * * *." (As the Court understands it, Mr. Werner considers that the last two alleged defects are very closely related).

For the reasons given hereafter, Mr. Werner's motion must be denied.

In United States v. Daugherty, 269 U.S. 360, 363, 46 S.Ct. 156, 157, 70 L.Ed. 309 (1926), the Supreme Court of the United States, speaking of the requirement that sentences imposed in criminal cases be definite, said: "Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. The elimination of every possible doubt cannot be demanded." The Court believes that the sentence imposed in the instant case meets the requirements of this test.

Since we operate under a system of dual federalism, it often happens that the same individual has committed offenses against both sovereigns, and both desire to prosecute him. To avoid senseless conflicts of jurisdiction, a principle of comity arose whereby "the court which first takes the subject-matter of the litigation into its control, whether this be person or property, must be permitted to exhaust its remedy, to attain which it assumed control, before the other court shall attempt to take it for its purpose." Ponzi v. Fessenden, 258 U.S. 254, 260, 42 S.Ct. 309, 310, 66 L.Ed. 607 (1922). See also: United States ex rel. Lombardo v. McDonnell, 153 F.2d 919 (7th Cir. 1946). Unquestionably, then, the State of North Carolina, having first acquired jurisdiction over the petitioner, was entitled to retain him in custody until he had finished his sentence. Therefore, the United States may not exercise any dominion or control over Mr. Werner until the expiration of the State sentence. [18 U.S.C. § 3568 (Supp.1965), provides that a sentence of imprisonment begins to run on the date on which the offender is received at the penitentiary for service of the sentence.] From the above it follows that this is not a "deferred sentence" such as the one imposed in the case of Bateh v. State of Florida, 361 U.S. 826, 80 S.Ct. 74, 4 L.Ed.2d 69, cited by petitioner. There the defendant was adjudged guilty of a violation of the Uniform Narcotic Drug Act and the Court rendered judgment but deferred sentencing. However, a year later the Court imposed a two year sentence, and the defendant appealed. The Supreme Court of the United States held that the order purported to defer sentence with-

out placing the defendant on probation under the supervision and control of a parole commission, and hence was beyond the Court's jurisdiction. *Bateh* is thus clearly inapplicable to the instant case. Here sentence was imposed immediately, to take effect at a future date. This was necessary because the petitioner was under the sole control and dominion of the State of North Carolina, which jurisdiction will continue until Mr. Werner's obligation to the State has been discharged. This is not a situation such as presented in *Bateh*, where an individual does not know when in his life he will be no longer subject to the power of a court to translate his liberty to incarceration.

■ There can be no doubt that a sentence to take effect in the future, such as the one imposed in the case at bar, is not so indefinite that it violates due process of law. "Nor, if that be here important, is there any difficulty in respect to the execution of a second sentence. It can be made to commence when the first terminates." Ponzi v. Fessenden, supra, 258 U.S. at 265, 42 S.Ct. at 312. It is true that Mr. Werner cannot pinpoint the exact day, month, or perhaps even year that his Federal sentence will begin. However, as the Supreme Court of the United States pointed out in the *Daugherty* case, supra, it is not necessary for every possible doubt to be eliminated. The sentence is certainly definite enough to reveal the intent of the Court and eliminate any possibility that those who must see that the judgment is carried out will make a mistake in its execution. For example of cases which have upheld the validity of sentences which are to take effect upon the expiration of a prior sentence see: Ponzi v. Fessenden, supra; Hayden v. Warden, United States Penitentiary, 124 F.2d 514 (9th Cir. 1941); United States ex rel. Lombardo v. McDonnell, supra; Lamb v. Heritage, 310 F.2d 71 (5th Cir. 1962); Amirr v. United States, 301 F.2d 662 (3d Cir. 1962).

In support of his contentions, petitioner also relies upon the case of United States v. Hayman, 725 S.Ct. 263–343 (sic). It is assumed that the decision referred to is that of United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952). That case is not in point here. There, the defendant contended that at his trial he did not have effective assistance of counsel because of the fact that his attorney also represented the principal witness against him and who was also a defendant in a related case. He also alleged as error the fact that he was not present at a hearing on the issue. None of the defects alleged by petitioner here were ruled on in *Hayman*.

■ It is common knowledge that at this time there were innumerable detainers outstanding which will cause State prisoners to be delivered to the Federal authorities after completion of the State sentence. If what petitioner in this case contends is true, then this common practice would be an unconstitutional deprivation of the rights of every prisoner involved. On the contrary, however, the Supreme Court has held that such procedure is perfectly acceptable. See Ponzi v. Fessenden, supra. This practice is beneficial to both parties involved as it makes possible a speedy trial, and does not necessitate a reconstruction of events many years after they happened. This is in keeping with our basic theories of jurisprudence in an effort to afford each defendant as fair and speedy a trial as possible, and arrive, as best we can, at the truth and justice of the case.

■ It is the judgment of this Court that the sentence imposed against Robert Werner in the Federal action fully satisfied the requirements of due process as to definiteness; that the sentence was not a "deferred" sentence, the imposition of which is beyond the jurisdiction of the trial court; and that petitioner's obligation to the Federal government will not begin until his obligation to the State of North Carolina has been fully satisfied.

Therefore, it is adjudged and ordered that Robert Werner's motion to vacate, set aside or correct his sentence be, and the same is hereby denied.

A certified copy of this opinion and judgment is directed to be sent to petitioner and to the respondent.