Charles Oliver **WILLIAMSON**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 23958.

United States Court of Appeals
Fifth Circuit.

March 6, 1967.

Charles Oliver Williamson, pro se.

F. D. Hand, Jr., Asst. U. S. Atty., Atlanta, Ga., Charles L. Goodson, U. S. Atty., for appellee.

Before RIVES and WISDOM, Circuit Judges, and CONNALLY, District Judge.

PER CURIAM:

Appellant filed a petition for writ of habeas corpus challenging his sentence for violations of the Dyer Act, 18 U.S.C. §§ 2312 and 2313, as ambiguous and void because it was to run consecutively to a prior sentence for a conviction allegedly pending appeal and, therefore, not yet finalized. If the sentence is not void, appellant further contends that it must run consecutively only to Count One of that prior conviction, and not to the aggregate eight-year term, imposed on all counts of that conviction. We affirm the district court's denial of the petition and subsequent motions to set aside judgments.

On February 6, 1959, appellant in Criminal No. 21,769 was sentenced to serve eight years, four years on Count One and four years on Count Three, to run consecutively with Count One.[1] On December 4, 1959, this Court[2] affirmed the eight-year sentence, the judgment being filed with the district court on February 11, 1960.[3] On February 12, 1960, the appellant commenced service of this sentence.

On December 16, 1959, appellant was found guilty in Criminal No. 22,160 on two counts of violating the Dyer Act[4] and was given two concurrent sentences of five years each, the Court providing that:

"* * * the execution of this sentence shall commence to run from the expiration of, or legal release from, the sentence imposed in Criminal No. 21,769, United States District Court, Northern District of Georgia, Atlanta Division."

■ Appellant first contends that this sentence is uncertain and, therefore void, unless it is construed to commence on the date of the order, because the anchor case—Criminal No. 21,769—was not final when the sentence in Criminal No. 22,160 was entered. The contested order clearly recognizes that appellant's conviction in Criminal No. 21,769 could have been reversed on appeal. As the Supreme Court stated in Blitz v. United States, 153 U.S. 308, 317–318, 14 S.Ct. 924, 928, 38 L.Ed. 725:

"'* * * It is as certain * * * as the nature of the case will admit, and there is no other mode in which a party may be sentenced on several convictions. Though uncertain at the time, depending upon a possible con-

tingency that the imprisonment on the former sentence will be remitted or shortened, it will be made certain by the court. If the previous sentence is shortened by a reversal of the judgment or a pardon, it then expires, and then, by its terms, the sentence in question takes effect as if the previous one had expired by lapse of time. Nor will it make any difference that the previous judgment is reversed for error. It is voidable only, not void; and until reversed by a judgment it is to be deemed of full force and effect; and though erroneous and subsequently reversed on error, it is quite sufficient to fix the term at which another sentence shall take effect.'"

See also Hoffman v. United States, 9 Cir. 1957, 244 F.2d 378; United States v. Tuffanelli, 7 Cir. 1943, 138 F.2d 981.

■ If Criminal No. 21,769 had been reversed, appellant would have begun serving his two five-year concurrent sentences. See Pugliese v. United States, 1 Cir. 1965, 353 F.2d 514. Applying a reasonable interpretation, no uncertainty can be said to exist. United States v. Daugherty, 1926, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309. Clearly, the court meant that when the appellant had served the sentence in Criminal No. 21,769 or was released from that sentence, he should commence serving the sentence imposed on December 16, 1959. Cf. Rush v. United States, 5 Cir. 1961, 290 F.2d 709, 710.

■ Appellant's second contention asserts that, even if a consecutive sentence could be imposed, the word "sentence" in the challenged judgment in Criminal No. 22,160 refers only to the sentence imposed on the first count of Criminal No.

---

1. The sentence included four-year terms on each of the remaining counts, to run concurrently with the sentence imposed on Count Three.

2. 5 Cir., 272 F.2d 495.

3. The Supreme Court denied certiorari on March 12, 1960. 362 U.S. 920, 80 S.Ct. 672, 4 L.Ed.2d 740.

4. Since appellant filed an "election not to serve pending appeal," we are not confronted with a situation where service for a subsequent conviction preceded incarceration for the prior conviction to which the second sentence was to be consecutive. Cf. 18 U.S.C.A. § 3568; United States v. Cortese, 2 Cir. 1957, 244 F.2d 872.

21,769.[5]  This interpretation of "sentence" is erroneous.  Smith v. Wilkinson, 5 Cir. 1960, 275 F.2d 251; Scarponi v. United States, 10 Cir. 1963, 313 F.2d 950, 953.  The court obviously treated the two four-year sentences in Criminal No. 21,769 as one cumulative sentence, thereby subjecting appellant to consecutive sentences totaling thirteen years.

The district court's denial of appellant's petition for habeas corpus and subsequent motions are

Affirmed.

---

5.  If this position is correct, appellant's aggregate sentence on the two indictments would be nine years—four years on Count One in Criminal No. 21,769 and five years on the two counts in Criminal No. 22,160.  Considering good-time allowance, appellant has served at least nine years.