**UNITED STATES of America,**
**Plaintiff,**

v.

**Rudolph James ANDERSON, Defendant.**

**Crim. No. 65-112.**

United States District Court
W. D. Oklahoma.

Jan. 31, 1968.

B. Andrew Potter, U. S. Atty., and John E. Green, Asst. U. S. Atty., for plaintiff.

Rudolph James Anderson, pro se.

## ORDER DISMISSING MOTION TO MODIFY OR CHANGE SENTENCE

DAUGHERTY, District Judge.

The Defendant, Rudolph James Anderson, was sentenced on July 26, 1965, for violations of 18 U.S.C. § 495 and § 1708 (forging and uttering a United States Treasury check and possession of stolen mail), following his plea of guilty. The sentence was fixed at five years confinement on each count of the three-count indictment, to be served concurrently, and to run consecutively to any confinement under which the Defendant was being held by state authorities.

The Defendant's Motion (entitled by him as a "Petition for Writ of Habeas Corpus ad Subjiciendüm") is considered by the Court as filed under Rule 35, F.R.Crim.P., 18 U.S.C.

Rule 35 permits the Court to correct an illegal sentence at any time and the Court will consider the question raised in the Motion, whether it is properly within the purview of Rule 35 or a post-conviction procedure. Cf. Wilson v. United States, 310 F.2d 879 (Tenth Cir. 1962); Montos v. United States, 261 F.2d 39 (Seventh Cir. 1958).

The Defendant was brought before this Court pursuant to an Order for Writ of Habeas Corpus Ad Prosequendum which provided for his return to the Sheriff of Oklahoma County, Oklahoma, on July 14, 1965. It appears that the Writ was necessary because the Defendant was then being held by the Oklahoma City, Oklahoma, Police Department for an offense under the laws of the State of Oklahoma. Defendant's only contention is that the federal sentence must start immediately on imposition, and run concurrently with a sentence which has been imposed by the State of Oklahoma and which the Defendant is now serving.

The Judgment and Commitment of this Court affirmatively reflects that the concurrent sentences imposed against the Defendant are to run consecutively to any sentence of confinement imposed by state authorities remaining to be served by the Defendant. This would include the sentence imposed by the State of Oklahoma.

A person who has violated both state and federal statutes may be sen-

tenced for each offense and he may not complain of the order in which he is tried or punished for the respective offenses. Werner v. United States, 258 F.Supp. 432 (E.D.N.C.1966). The Government's Response to Defendant's Motion indicates that the Defendant was first arrested on the federal charge, freed on bond, and subsequently arrested by the Oklahoma City Police on an unrelated state charge. At the time of his arraignment, the Defendant was in custody of the Oklahoma City Police Department. The Court does not consider any of these circumstances as bearing on any alleged illegality in Defendant's sentence. Which authority, federal or state, first obtained custody of Defendant and which obligation, federal or state, Defendant must first satisfy, is not a matter of which he can complain. Werner v. United States, supra. On the contrary, this Court is bound to observe the principle of comity with state courts:

"One accused of crime * * * is entitled to be present at every stage of the trial of himself in each jurisdiction, with full opportunity for defense. [Citations omitted] If that is accorded to him, he cannot complain. The fact that he may have committed two crimes gives him no immunity from prosecution of either.

"The chief rule which preserves our two systems of courts from actual conflict of jurisdiction is that the court which first takes the subject-matter of the litigation into its control, whether this be person or property, must be permitted to exhaust its remedy to attain which it assumed control, before the other court shall attempt to take it for its purpose."

Ponzi v. Fessenden, 258 U.S. 254 at page 260, 42 S.Ct. 309, 66 L.Ed. 607 (1922).

The Defendant's obligation to the federal government will not begin until his obligation to the State of Oklahoma has been fully satisfied under the Judgment and Commitment herein.

The Defendant's Motion to Modify or Change Sentence is denied.