**Rudolph James ANDERSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 10102.**

United States Court of Appeals Tenth Circuit.

Jan. 7, 1969.

Certiorari Denied April 7, 1969. See 89 S.Ct. 1318.

Rudolph James Anderson, pro se.

John E. Green, Asst. U. S. Atty., filed a brief for appellee.

Before MURRAH, Chief Judge, and HOLLOWAY, Circuit Judge.

PER CURIAM.

Anderson pleaded guilty to federal charges and was sentenced to three concurrent five year terms of imprisonment in 1965. It was further ordered "that the sentences of confinement imposed herein shall run consecutive to any confinement under which defendant is being held by state authorities." Anderson was returned to the state authorities and was sentenced by them. He has now completed the state sentence and is in federal custody under the federal sentences imposed in 1965.

Anderson filed a motion pursuant to Rule 35, Federal Rules of Criminal Procedure, contending that the federal sentence commenced immediately on imposition. The sentencing court denied relief and Anderson appeals. United States v. Anderson, 279 F.Supp. 706 (W.D.Okl. 1968).

 The general rule is that the time of sentence commences to run from the date on which such person is received at the place of service. 18 U.S.C. § 3568; Miller v. Willingham, 400 F.2d 873 (10th Cir. 1968); Powers v. Taylor, 327 F.2d 498 (10th Cir. 1964); Williams v. Taylor, 327 F.2d 322 (10th Cir. 1964); Hayward v. Looney, 246 F.2d 56 (10th Cir. 1958); McIntosh v. Looney, 249 F. 2d 62 (10th Cir. 1957).

Many of our cases have held that a federal sentence is consecutive to the state sentence, even when no reference is made to the state sentence, absent an ambiguity. Miller v. Willingham, supra; Hall v. Looney, 256 F.2d 59 (10th Cir. 1958); Hayward v. Looney, supra.

 In his brief Anderson contends that "no court has the authority to impose a sentence consecutive to something that does not exist." A sentence in a criminal case must be definite and certain. Freeman v. United States, 299 F.2d 752 (10th Cir. 1962); Bius v. United States, 286 F.2d 652 (10th Cir. 1961); Gibson v. Looney, 258 F.2d 879 (10th Cir. 1958); Hill v. United States, 186 F.2d 669 (10th Cir. 1951); Smith v. United States, 177 F.2d 434 (10th Cir. 1949); Wall v. Hudspeth, 108 F.2d 865 (10th Cir. 1940). Though uncertain at the time, depending upon a possible contingency that no sentence will result from the pending state charge, it will be made certain by the event. See Blitz v. United States, 153 U.S. 308, 14 S.Ct. 924, 38 L.Ed. 725 (1894); Williamson v. United States, 374 F.2d 90 (5th Cir. 1967). No uncertainty can be said to exist here for the court clearly meant the sentence to be consecutive "to any [state] confinement" under which Anderson would become obligated, thus a stronger case than Zahn v. Kipp, 218 F.

2d 898 (7th Cir. 1955) and Zerbst v. McPike, 97 F.2d 253 (5th Cir. 1938), with similar facts. Even if acquitted on the state charge, the state confinement would have ended and he would then begin serving the federal sentence.

 Viewing this question in light of 18 U.S.C. § 3568 and in the light of the unanimity of conclusion reached in the cases to which reference has been made, we think it is clear that the sentence imposed by the United States District Court began to run from the date Anderson was actually delivered to federal custody for service of his federal sentence. Taylor v. Baker, 284 F.2d 43 (10th Cir. 1960).

Affirmed.