**Steve O. CASIAS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 350–69.**

United States Court of Appeals,
Tenth Circuit.

Feb. 12, 1970.

Eugene Deikman, Denver, Colo., for appellant.

Jim Richards, Asst. U. S. Atty. (James L. Treece, U. S. Atty., and Leonard W. DeCampbell, Asst. U. S. Atty., on the brief), for appellee.

Before MURRAH, Chief Judge, and HILL and HICKEY, Circuit Judges.

PER CURIAM.

This appeal is from an order denying a petition for a writ of coram nobis. Petitioner Casias is presently confined in the Colorado State Penitentiary, serving a sentence imposed in 1963. See Casias v. People, 160 Colo. 152, 415 P.2d 344 (1966), cert. denied, 385. U.S. 979, 87 S.Ct. 523, 17 L.Ed.2d 441.

In 1961, Casias was convicted of a federal narcotics offense, in violation of 21 U.S.C. § 174, and sentenced to fourteen years' imprisonment. This court affirmed that conviction on February 28, 1963. Casias v. United States, 315 F.2d 614 (10th Cir. 1963). He had been free on bond pending appeal and the bond remained in effect during the subsequent petition for certiorari, which was denied on June 17, 1963. See 374 U.S. 845, 83 S.Ct. 1901, 10 L.Ed.2d 1065.

During the spring of 1963, Casias ran afoul of Colorado authorities, and on June 17, the date the Supreme Court denied his petition for certiorari, he was held in the Denver County Jail on state charges. In August, 1963, after trial and conviction on other state charges, he was sentenced to the term he is presently serving, which was directed to run "consecutively with any Sentence [he was then] serving."

In his coram nobis petition, Casias seeks an order vacating his 1961 federal conviction. The asserted ground for such relief is that when the conviction became final upon denial of certiorari, although he was then in state custody, he

was not serving any state sentence which had become final; that federal authorities were thus constitutionally obliged to enforce their sentence; and that their failure to do so rendered that conviction invalid.

 Coram nobis is, of course, available to persons convicted of crimes in federal courts. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1967). However, "[c]ontinuation of litigation after final judgment and exhaustion or waiver of any statutory right to review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." Id. at 511, 74 S.Ct. at 252. See also Young v. United States, 396 F.2d 25 (10th Cir. 1968); Ward v. United States, 381 F.2d 14 (10th Cir. 1967); Kagen v. United States, 360 F.2d 30 (10th Cir. 1966); Owensby v. United States, 353 F.2d 412 (10th Cir. 1965), cert. denied, 383 U.S. 962, 86 S.Ct. 1234, 16 L.Ed.2d 305. Casias has alleged no circumstances, compelling or otherwise, which warrant relief by coram nobis.

Petitioner's argument is foreclosed by familiar principles most recently restated by this court in Joslin v. Moseley, 420 F.2d 1204 (10th Cir., December 9, 1969):

"[I]t is a matter of comity between two sovereigns to decide between themselves which shall have custody of a convicted prisoner. Godwin v. Looney, 250 F.2d 72 (10th Cir.). Also, if the sovereign having prior jurisdiction waives its right to custody, the prisoner does not have standing to object. Hall v. Looney, 256 F.2d 59 (10th Cir.); Stamphill v. United States, 135 F.2d 177 (10th Cir.)."

See also Anderson v. United States, 405 F.2d 492 (10th Cir. 1969), cert. denied, 394 U.S. 965, 89 S.Ct. 1318, 22 L.Ed.2d 567; Miller v. Willingham, 400 F.2d 873 (10th Cir. 1968); Harris v. United States, 356 F.2d 945 (10th Cir. 1966); Hayward v. Looney, 246 F.2d 56 (10th Cir. 1957).

Clearly, Casias states no ground in this proceeding for collateral attack upon his 1961 conviction by coram nobis or by any other remedy.

Affirmed.