**UNITED STATES of America**

v.

**Anthony CAMPISI, Peter S. Campisi, Peter A. Campisi, Carmen Charles Campisi, Peter Campisi, Appellant.**

No. 79–2434.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) May 23, 1980.

Decided June 9, 1980.

Gerald L. Shargel, New York City, for appellant.

Robert J. Del Tufo, U. S. Atty., Maryanne T. Desmond, Asst. U. S. Atty., Chief, Appeals Div., Newark, N. J., for appellee; Kenneth N. Laptook, Asst. U. S. Atty., Newark, N. J., on the brief.

Before ADAMS, VAN DUSEN and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Peter S. Campisi was serving a state sentence and was about to be sentenced on another state conviction. The district court imposed a federal sentence to run consecutively to the existing state sentence. After the federal sentencing hearing, Campisi was returned to the state prison where he was serving the first state sentence. He now maintains that the federal sentence must be deemed to commence on the date he was returned to the state prison, rather than at the conclusion of the first state sentence, and has filed a motion accordingly to correct his federal sentence. The district court denied the motion, and Campisi has appealed. We affirm.

### I.

Campisi pleaded guilty on May 13, 1975 to one count of conspiracy in violation of 18 U.S.C. § 371 (1976). At the time Campisi entered the plea, he was serving a fifteen to twenty year sentence in a New Jersey state prison on an unrelated state conviction, and was expected soon to be sentenced for a state murder conviction to an additional twenty-four to twenty-five years imprisonment. On June 30, 1975, the district judge imposed a five year sentence which he stated was to be served consecutively to the existing state sentence. Inasmuch as it was expected that Campisi's state sentence on the murder conviction would exceed five years, the United States Attorney and the New Jersey Attorney General agreed that Campisi would serve his federal sentence in a New Jersey state correctional institution. Campisi's plea agreement reflected this understanding, and the district judge recommended to the United States Attorney General that Campisi's five year federal sentence be served in a New Jersey state prison. Following imposition of the federal sentence, Campisi was returned immediately to state custody.

After Campisi pleaded guilty to murder and conspiracy, the New Jersey state court, in Burlington County, sentenced him on July 10, 1975 to concurrent sentences totaling approximately twenty-five years which were to be served concurrently with his existing state sentence. On August 22, 1978, Campisi was granted parole on his first state sentence and he subsequently gained parole, effective June 26, 1979, on his second state sentence. Upon his release,

Campisi was delivered to the custody of the United States Marshall and presently is incarcerated for the remainder of his five year federal sentence in the federal correctional facility at Lewisburg, Pennsylvania.

On July 2, 1979, Campisi, claiming that under 18 U.S.C. § 3568 (1976) his federal sentence commenced to run on June 30, 1975, the date he was returned to state prison following sentencing on the federal conviction, filed a motion to correct his federal sentence pursuant to 28 U.S.C. § 2255 (1976). Section 3568 provides in pertinent part:

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence.

Campisi maintains that § 3568 mandates that his federal sentence commence from the date of his return to the state prison and urges that § 3568 rendered the district court powerless to impose a federal sentence that was to commence upon the expiration of his existing state sentence. Thus, he moved for release effective June 30, 1980—five years from the date on which he was returned to the state prison. Following an evidentiary hearing, the district court denied the § 2255 motion.

## II.

Campisi's argument, while creative, is based on a selective reading of the terms of § 3568. The statute provides that a sentence commences to run from the date on which the prisoner "is received" at the cor-

rectional facility "for service of such sentence." When Campisi was returned to the New Jersey state prison it was for service of the time remaining on his existing *state* sentence, not for immediate service of the *federal* sentence. Inasmuch as the federal sentence was not to begin until the state sentence was completed,[1] Campisi's appearance at the state prison on June 30, 1975 could not have been for service of the federal sentence. Consequently, we hold that Campisi's five year federal sentence did not commence to run until he was granted parole on August 22, 1978 on the fifteen to twenty year state sentence and was thereby constructively received at the state prison for service of the federal sentence.

The interpretation of § 3568 that Campisi would have us adopt would effectively prevent a federal district court from imposing a term of punishment to be served consecutively to an existing sentence, whether state or federal. For if § 3568 requires that every sentence commence upon a prisoner's receipt at a correctional facility, it would be most difficult, perhaps impossible, for a court to impose a sentence that is to run consecutively to an existing or contemporaneously imposed sentence. It is well-settled that Congress did not intend § 3568 to bar the imposition of consecutive sentences. *See, e. g., Kay v. United States,* 279 F.2d 734, 735 (6th Cir. 1960) (per curiam) (citing cases).

Moreover, in cases such as this, in which the federal sentence is added to a state sentence, to interpret § 3568 as prohibiting the imposition of a consecutive term would

---

1. There is no question that the district judge intended to impose a sentence that was to run consecutively to Campisi's existing fifteen to twenty year state sentence. At the time of sentencing, the judge stated, "This sentence is to run consecutive to the present state sentence that the defendant is now serving." Transcript of Sentencing Proceeding, June 30, 1975, App. 46. In addition, at the hearing on Campisi's § 2255 sentence, the district judge who had imposed the sentence in question again made this intent very clear:

> Under my intention at sentencing "[S]ervice of such sentence" did not commence until August 22, 1978, the date the petitioner was

paroled on his first [state] sentence. That the petitioner spent the period from June 30, 1975 to August 22, 1978 in a New Jersey state prison cannot alter the fact that his federal sentence did not begin until the time set by this court: the expiration of his first state sentence; and if my clearly stated intention is to be honored, time spent in a New Jersey prison on that 15 to 20 year [state] sentence cannot be counted as time spent in "service of such sentence," the latter sentence here referring to the five-year sentence imposed by me.

Memorandum Opinion, Hearing on § 2255 Motion, September 12, 1979, App. 62, 67.

**700**

effectively overrule a prior line of decisions of this Court. In *Gomori v. Arnold*, 533 F.2d 871, 875 (3d Cir.), *cert. denied*, 429 U.S. 851, 97 S.Ct. 140, 50 L.Ed.2d 125 (1976), we held that a federal district court "has no power to direct that a federal sentence shall run concurrently with a state sentence." Indeed, we observed that "[t]he rule of presumptive concurrency of sentences . . . does not apply where one sentence is imposed by a federal court and the other by a state court." *Id.* Thus, if we were to construe § 3568 as requiring all sentences to commence upon the prisoner's receipt at the state correctional facility at which he is serving a term of incarceration, we would effectively be ordering that which we held in *Gomori* the district court had no authority to do—that is, impose a federal sentence to run concurrently with a state sentence.

The judgment of the district court denying the § 2255 motion will be affirmed.