**Robert SALLEY, Plaintiff-Appellant,**

**v.**

**UNITED STATES of America, Defendant-Appellee.**

Cal. No. 357, Docket 85–2171.

United States Court of Appeals, Second Circuit.

Submitted Dec. 9, 1985.

Decided March 21, 1986.

Robert Salley, Lewisburg, Pa., submitted a brief pro se.

Charles E. Rose, Asst. U.S. Atty., Raymond J. Dearie, U.S. Atty. and Jane Simkin Smith, Asst. U.S. Atty., Brooklyn, N.Y., submitted a brief for defendant-appellee.

Before VAN GRAAFEILAND, NEWMAN and MINER, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Robert Salley, *pro se*, appeals from an order of the United States District Court for the Eastern District of New York (Bramwell, J.) denying Salley's motion brought pursuant to 28 U.S.C. § 2255, in which he sought an order directing the Bureau of Prisons to calculate his federal sentence from the date the sentence was imposed rather than the date Salley was delivered into federal custody by state authorities. Although we do not agree completely with the reasoning of the district judge, we believe that his decision to deny the motion was correct.

Federal agents arrested Salley on May 1, 1981 for violation of 18 U.S.C. §§ 641 and 1708, possession of stolen treasury checks and stolen mail. On the following day, he was released on his own recognizance. Several weeks later, New York City police arrested Salley on State charges of robbery, and he was incarcerated in State facilities.

On October 5, 1981 Salley was brought before Judge Bramwell pursuant to a writ of habeas corpus ad prosequendum, and bail was set in the amount of $1,000. Salley then was returned to State custody, and the United States Marshal lodged a federal detainer against him.

In November of 1981 Salley again appeared before Judge Bramwell pursuant to a writ of habeas corpus ad prosequendum and pled guilty to a violation of 18 U.S.C. § 1708. On December 16, 1981 Salley appeared for a third time before Judge Bramwell and was sentenced to a term of four years and nine months. Judge Bramwell directed, however, that the federal sentence was to run consecutively to whatever sentence Salley received in connection with his pending New York robbery charge. Salley was returned to State custody, and the United States renewed its detainer against him.

Salley subsequently pled guilty to the State charge, and on July 23, 1982 was sentenced to a term of one and one-half to four and one-half years, to run concurrently with the previously imposed federal sentence. Salley served his State sentence at various State correctional facilities. During this incarceration, he sought unsuccessfully on several occasions to be transferred to federal custody so that his sentences could run concurrently as the State court had directed. However, in accordance with the district court's sentence, the transfer did not take place until after Salley's State sentence was completed.

On April 27, 1984 Salley moved in the district court for an order directing the Bureau of Prisons to begin its calculation of the time served on Salley's federal sentence from the date Salley was sentenced in federal court rather than the date he was delivered into federal custody. This appeal is from the denial of that motion.

In *United States v. Sackinger*, 704 F.2d 29, 30 (2d Cir.1983), we stated that "sentences imposed by a federal court are administered by the Attorney General and, while the court may recommend that a federal sentence be served in a state facility concurrently with a state sentence, the Attorney General has discretion as to whether or not he will follow the recommendation." However, this statement does not apply to a federal sentence that is not to commence until the state sentence has been completed. The right of federal judges to impose such a sentence has been recognized for many years. *See, e.g., Hayden v. Warden*, 124 F.2d 514 (9th Cir.1941); *United States ex rel. Lombardo v. McDonnell*, 153 F.2d 919 (7th Cir.), *cert. denied*, 328 U.S. 872, 66 S.Ct. 1365, 90 L.Ed. 1641 (1946); *Lavoie v. United States*, 310 F.2d 117 (1st Cir.1962) (per curiam); *Anderson v. United States*, 405 F.2d 492 (10th Cir.) (per curiam), *cert. denied*, 394 U.S. 965, 89 S.Ct. 1318, 22 L.Ed.2d 567 (1969); *United States v. Lee*, 500 F.2d 586 (8th Cir.), *cert. denied*, 419 U.S. 1003, 95 S.Ct. 322, 42 L.Ed.2d 279 (1974). Moreover, this right may be exercised regardless of whether the state sentence has as yet been imposed. *Anderson v. United States, supra*, 405 F.2d at 493; *Farley v. Nelson*, 469 F.Supp. 796, 801 (D.Conn.), *aff'd*, 607 F.2d 995 (2d Cir.1979); *see Casias v. United States*, 421

548

F.2d 1233 (10th Cir.1970) (per curiam). "The Courts agree that the law does not require a person to know the exact date that his sentence will begin." *United States v. Buide-Gomez,* 744 F.2d 781, 783 (11th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1774, 84 L.Ed.2d 833 (1985).

To the extent that *United States v. Eastman,* 758 F.2d 1315 (9th Cir.1985), enunciates a different rule, it is dictum with which we disagree. In that case, after the defendant was sentenced in federal court, he was "taken by the United States Marshal to the place designated by the Attorney General for service of his federal sentence." In the instant case, Salley was remanded to the Metropolitan Correction Center and was transferred several days later to State custody at Rikers Island.

 Although the Attorney General has the authority under 18 U.S.C. § 4082 to designate the place of confinement in cases where sentences are to run concurrently, an order which delays the commencement of a consecutive sentence does not invade the power of the Attorney General in any way. *United States v. Thornton,* 710 F.2d 513, 515–16 (9th Cir.1983). Appellant's federal sentence did not begin to run until he was received at the correctional facility for service of that sentence. *Roche v. Sizer,* 675 F.2d 507, 510 (2d Cir.1982); *United States v. Campisi,* 622 F.2d 697, 699–70 (3d Cir.1980) (per curiam); 18 U.S.C. § 3568.

Accordingly, what we have here are conflicting state and federal sentences. There is no reason why the district court's sentence, which was prior in time, must give way to that of the State court. *See United States v. Sackinger, supra,* 704 F.2d at 32 (quoting *Lionel v. Day,* 430 F.Supp. 384, 386 (W.D.Okla.1976)).

Affirmed.

JON O. NEWMAN, Circuit Judge, concurring in the result:

I concur in the result and write separately to express my respectful disagreement with the view that a sentencing judge has authority to impose a sentence to run consecutively to a sentence that has not yet been imposed.

Imposition of a consecutive sentence is strong medicine. *See United States v. Golomb,* 754 F.2d 86 (2d Cir.1985). It may well be warranted in some cases. But it should be used only after awareness of a sentence already imposed so that the punitive effect of the consecutive sentence is carefully considered at the time of its imposition. I do not understand how the District Judge in this case could exercise the discretion required of a sentencing judge by determining in advance that the 57 months he thought was appropriate for Robert Salley should be consecutive to whatever sentence might thereafter be imposed by the state court. The length of a primary sentence is always relevant to a reasoned decision concerning both the length of a consecutive sentence and the choice of imposing it consecutively. When the District Judge in this case decided to impose the 57 months consecutively, he had no idea of the length of the New York sentence to which those 57 months would be consecutive.

Moreover, there is a partial abdication of sentencing authority when a judge imposes a sentence to run consecutively to one that will be imposed in the future by another sentencing judge; the first judge is letting the second judge extend the expiration date of the first judge's sentence. Finally, a sentence to commence after the expiration of a sentence not yet imposed violates the principle that sentences must be definite and unambiguous. *See, e.g., Bius v. United States,* 286 F.2d 652, 653 (10th Cir.1961). It makes no more sense to have sentenced Salley to 57 months consecutive to whatever sentence New York might impose on the then pending state robbery charge than it would to have sentenced him to 50 months plus one month for each of the first seven years New York might impose or for each of the first seven violations of prison rules that he might commit while incarcerated.

The only court to rule on the issue directly has held that a federal judge may not impose a sentence to run consecutively to a

sentence that will be imposed in the future by a state court. *United States v. Eastman,* 758 F.2d 1315 (9th Cir.1985). It is not evident why the majority characterizes this holding as a dictum. The defendant, appealing from denial of a motion pursuant to Fed.R.Crim.P. 35, challenged his federal sentence solely on the ground that it was consecutive to a state sentence not yet imposed. On appeal, he prevailed. The Ninth Circuit ruled that the consecutive feature of the sentence was invalid and remanded for resentencing.

My colleagues enlist three decisions in support of their view that a sentence may be imposed consecutively to a future sentence. The first is *Anderson v. United States,* 405 F.2d 492 (10th Cir.) (per curiam), *cert. denied,* 394 U.S. 965, 89 S.Ct. 1318, 22 L.Ed.2d 567 (1969). It is true that the Tenth Circuit expressed its approval of the type of sentence imposed on Salley, though the Court gave no reason for its approval.[1] Moreover, the approval in *Anderson,* like that of the Court in this case, appears to be dictum. The appellant there, unlike the appellant in *Eastman,* was not appealing from the imposition of the consecutive sentence. Instead, after serving the state sentence, he made a Rule 35 motion to establish that his consecutive federal sentence began to run from the date of its imposition. The holding of the Tenth Circuit was the unexceptional one that a federal sentence begins to run from the date a defendant is delivered to federal custody to begin serving his sentence.

The second case is *Farley v. Nelson,* 469 F.Supp. 796 (D.Conn.), *aff'd mem.,* 607 F.2d 995 (2d Cir.1979). That case also did not involve a defendant appealing from the imposition of a sentence imposed consecutively to a future sentence. Like *Anderson,* it involved a challenge to the computation of a consecutive federal sentence after a primary state sentence had been served. A federal three-year sentence had been imposed consecutively to an *existing* state sentence. Thereafter the state imposed an additional sentence and required its service before the prisoner was turned over to federal authorities to serve the federal sentence. As in *Anderson,* the holding was simply that the federal sentence did not commence until the prisoner was in federal custody. Unlike *Anderson, Farley* does not even contain a statement approving a sentence consecutive to a future sentence.[2]

The third case is *Casias v. United States,* 421 F.2d 1233 (10th Cir.1970) (per curiam). The prisoner there unsuccessfully challenged a federal sentence on the frivolous ground that, while free on bail pending direct review, he had been convicted by state authorities and required to serve a state sentence imposed consecutively to the *previously imposed* federal sentence.

Though I believe the District Judge lacked authority to impose a sentence consecutively to a future sentence, I agree with my colleagues that Salley is not entitled to relief from the service of his federal sentence. He had the opportunity when the federal sentence was imposed to challenge its consecutive aspect, as the defendant in *Eastman* successfully did in the Ninth Circuit. Having made no such challenge, he has no complaint that he was returned to state custody (from which he had been brought for imposition of the federal sentence) or that New York exercised its prerogative to require him to serve

---

1. The Tenth Circuit cited *Blitz v. United States,* 153 U.S. 308, 14 S.Ct. 924, 38 L.Ed. 725 (1894), and *Williamson v. United States,* 374 F.2d 90 (5th Cir.1967) (per curiam). *Blitz* involved a claim that a sentence on one count was invalid because it was imposed consecutively to a sentence on another count that was reversed on appeal. *Williamson* involved a similar claim that a sentence was invalid because it was imposed consecutively to a previously imposed sentence that was then pending on appeal. Understandably, both claims were rejected.

2. In addition to the three-year consecutive federal sentence, which was the focus of the prisoner's complaint in *Farley,* a one-year federal sentence was later imposed to run consecutively both to all sentences then being served and to any that the prisoner "will serve in the future because of any detainers or any criminal charges which are now pending." 469 F.Supp. at 799. There is no indication that this latter feature of the one-year sentence had any bearing on the time served by the prisoner or on any issue raised or decided in the case.

## 550

a lawful state sentence prior to turning him over to federal authorities for service of his federal sentence.

After November 1, 1987, a provision of the Comprehensive Crime Control Act of 1984, effective on that date,[3] appears to make clear that a consecutive sentence may be imposed only simultaneously with another sentence or upon a defendant "who is *already* subject to an undischarged term of imprisonment." Pub.L. No. 98–473, tit. II, § 212(a)(2), 98 Stat. 2000 (1984) (to be codified at 18 U.S.C. § 3584(a)) (emphasis added). Until that time district judges may wish to consider carefully the propriety of imposing a sentence consecutively to one not yet imposed, despite the unnecessary approval of the practice expressed in the Court's opinion.

---

**3.** The original effective date of November 1, 1986, *see* Pub.L. No. 98–473, tit. II, § 235(a)(1), 98 Stat. 2031 (1984), was recently extended one year. Pub.L. No. 99–217, § 4, 99 Stat. 1728 (1985).