**John Jairo JIMENEZ, Petitioner,**

v.

**WARDEN, FDIC, FORT DEVENS, MASSACHUSETTS, Respondent.**

**No. CIV A 00–40182–NMG.**

United States District Court, D. Massachusetts.

June 8, 2001.

Ernest H. Hammer, New York, NY, for Petitioner

Suzanne E. Durrell, U.S. Attys. Office, Boston, MA, for Respondent.

## MEMORANDUM & ORDER

GORTON, District Judge.

Pending before this Court is a motion by petitioner John Jairo Jimenez ("Jimenez") for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket No. 1).

### I. Background

Jimenez is a federal prisoner currently incarcerated at the Federal Medical Center (FMC) Devens in Ayer, Massachusetts. He is serving a 57–month sentence for illegal re-entry after deportation, in violation of 8 U.S.C. § 1326. His projected release date (with credit for good conduct) is April 25, 2003. That sentence and release date were determined as follows:

1) In February, 1992, Jimenez was convicted in New York for a state narcotics violation. He was sentenced to "4 years to life". In August, 1995, he was placed on lifetime parole and deported by INS to the Dominican Republic.

2) On March 27, 1997, Jimenez was arrested by Westchester County Parkway Police and charged with possession of forged instruments in violation of New York state law. Because he was on lifetime parole, a parole violation warrant was executed against him and he appeared before the New York Parole Board on May 7, 1997. As a result of his parole violation, Jimenez was sentenced to four months incarceration with an estimated release date of August 6, 1997. His release on renewed parole was subject to the approval of the New York Parole Board.

3) On June 12, 1997, while serving the four-month sentence in state custody at the Franklin Correctional Facility ("Franklin"), a federal warrant was executed against him based on a federal illegal re-entry charge. On July 31,

1997, a federal indictment was filed regarding that charge and, apparently, a federal detainer was lodged against him shortly thereafter.

4) On September 7, 1997, Jimenez was transferred from Franklin to the Metropolitan Correctional Center ("MCC") pursuant to a federal warrant via a writ of habeas corpus ad prosequendum.

5) On June 19, 1998, Jimenez was sentenced to 57 months incarceration for illegal re-entry by Judge Shira Scheindlin of the Southern District of New York. He was returned to Franklin on December 10, 1998 in order to appear before the Parole Board. Jimenez was then deemed to have satisfied his parole violation sentence and his parole was perfected in February, 1999.

6) In March, 1999, Jimenez was delivered to FMC Devens to serve his federal sentence. The Bureau of Prisons ("BOP") determined that Jimenez's federal sentence commenced on February 11, 1999, the day he was re-paroled and released to the outstanding federal warrant.[1]

Jimenez claims that he is entitled to credit for the 17 months he spent in federal custody on the writ of habeas corpus ad prosequendum (September, 1997 to February, 1999), because the New York State Parole authorities could not address the parole violation proceeding against him solely as a result of his federal incarceration. The BOP argues that Jimenez is not due any credit on his federal sentence because New York State retained primary custody over Jimenez while he was in the federal facilities and, therefore, that time was credited to his state parole violation sentence.

In January, 2000, the sentencing court (the United States District Court for the Southern District of New York) reviewed and dismissed Jimenez's § 2255 habeas petition for lack of personal jurisdiction over FMC Devens Warden Michael Benov and failure to exhaust BOP administrative remedies. *See Jimenez v. United States,* 2000 WL 28164 (S.D.N.Y.2000). With respect to his request for credit, Jimenez exhausted his administrative remedies with the BOP on August 22, 2000, and has now properly initiated this petition in this Court, pursuant to 28 U.S.C. § 2241.

## II. Analysis

Jimenez claims that he should have been granted a downward departure in his sentence because his state court parole violation sentence was prolonged solely due to the government's federal warrant. He also alleges that the BOP incorrectly computed his sentence and requests this Court to order the BOP to grant him credit for all time spent in federal custody on the writ of habeas corpus ad prosequendum, a total of 17 months.

### A. Downward Departure

Jimenez seeks a downward departure from the sentencing guidelines used to compute his federal sentence. Jimenez was, however, convicted and sentenced in the Southern District of New York and therefore this Court lacks jurisdiction to grant him such a downward departure.

█ Any such request must be pursued in the sentencing court by a petition pursuant 28 U.S.C. § 2255. *See United States v. DiRusso,* 535 F.2d 673, 674–76 (1st Cir.1976)(noting that § 2255 grants jurisdiction over post-conviction claims attack-

---

**1.** The dates cited in these subparagraphs are as reported in *Jimenez v. United States,* 2000

WL 28164 (S.D.N.Y.2000)(Scheindlin, J.).

ing the "imposition or illegality of the sentence"). Furthermore, Judge Scheindlin has already rejected a request for a downward departure, *see Jimenez v. United States*, 2000 WL 28164 (S.D.N.Y.2000), noting that Jimenez should proceed under 28 U.S.C. § 2241 because he is "challenging the execution of his sentence. Specifically, he is challenging the BOP's decision not to credit him for prior time served...." *Jimenez*, 2000 WL 28164, *2.

## B. Credit on the Federal Sentence

### 1. Authority to Compute Federal Sentences

█ Title 18 of the United States Code, Section 3585, provides:

> (a) Commencement of sentence—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585. The Attorney General, through the BOP, computes the appropriate amount of credit to be allowed under § 3585(b) after a defendant has begun to serve his sentence. *United States v. Wilson*, 503 U.S. 329, 333, 112 S.Ct. 1351, 117

L.Ed.2d 593 (1992). If a federal prisoner contends that the BOP failed to grant proper credit under § 3585(b) for time spent in the custody of another sovereign in connection with the offense for which the federal sentence was imposed, he must first make that claim to the Attorney General through the BOP after sentencing. *Wilson*, 503 U.S. at 334, 112 S.Ct. 1351.

█ Once administrative remedies have been exhausted, *see* 28 C.F.R. §§ 542.10–542.16, judicial review may be obtained by the filing of a habeas corpus petition under 28 U.S.C. § 2241 challenging the execution of the sentence by the BOP. *Rogers v. United States*, 180 F.3d 349, 358 (1st Cir. 1999). District Courts have authority to entertain such petitions and to grant credit if appropriate, *United States v. Zackular*, 945 F.2d 423, 424 (1st Cir.1991), but review must be sought in the district of confinement rather than in the sentencing court. *United States v. Miller*, 871 F.2d 488, 490 (4th Cir.1989). As stated above, Jimenez has taken the necessary steps to bring this petition before this Court.

### 2. Computation of Sentence

There are two separate determinations to be made in computing a federal sentence. The BOP must decide (1) when the sentence commences and (2) to what extent the defendant in question may receive credit for any time already spent in custody. *United States v. Smith*, 812 F.Supp. 368, 370 (E.D.N.Y.1993).

█ A federal sentence does not commence until the Attorney General receives the defendant into his custody for service of the federal sentence. This is so under 18 U.S.C. § 3585(a) and prior law as well. *Pinaud v. James*, 851 F.2d 27 (2d Cir. 1988), (citing repealed 18 U.S.C. § 3568); *Salley v. United States*, 786 F.2d 546, 548 (2d Cir.1986).

■ The sovereign which first arrests a defendant has primary jurisdiction over him. *Thomas v. Whalen*, 962 F.2d 358, 361 n. 3 (4th Cir.1992). Primary jurisdiction remains vested in the sovereign that first arrested the defendant until that jurisdiction relinquishes its priority by *inter alia* bail release, dismissal of the pending charges, parole release, or expiration of the sentence. *United States v. Warren*, 610 F.2d 680, 684–85 (9th Cir.1980); *Chambers v. Holland*, 920 F.Supp. 618, 622 (M.D.Pa.1996), *aff'd* 100 F.3d 946 (3d Cir. 1996); *United States v. Smith*, 812 F.Supp. 368 (E.D.N.Y.1993). Therefore, primary jurisdiction over a state prisoner ends and federal custody over him commences only when the state authorities relinquish him on satisfaction or extinguishment of the state obligation. *Smith*, 812 F.Supp. at 370, *citing Whalen*, 962 F.2d at 361 n. 3.

■ Producing a state prisoner under a writ of habeas corpus ad prosequndum to answer federal charges does not relinquish state custody. *Thomas v. Brewer*, 923 F.2d 1361, 1366–67 (9th Cir.1991); *Salley v. United States*, 786 F.2d 546, 547–48 (2d Cir.1986); *Chambers v. Holland*, 920 F.Supp. 618 (M.D.Pa.), *aff'd* 100 F.3d 946 (3d Cir.1996); *Crawford v. Jackson*, 589 F.2d 693, 695 (D.C.Cir.1978). This rule derives from the fact that the federal writ of habeas corpus ad prosequndum merely "loans" the prisoner to federal authorities. *Whalen* 962 F.2d at 361 n. 3; *Smith* 812 F.Supp. at 370.

■ When a federal court sentences a defendant who is in state custody at the time of sentencing, "the federal sentence may commence if and when the Attorney General or the BOP agrees to designate the state facility for service of the federal sentence." *Smith* at 370, *citing Barden v. Keohane*, 921 F.2d 476, 481–82 (3d Cir. 1990); 18 U.S.C. § 3621 (vesting designation authority in BOP); and 28 C.F.R. § 0.96 (delegating authority of Attorney General under repealed 18 U.S.C. § 4082 to BOP). The BOP did not make such a designation in this case.

Jimenez argues that he is entitled to credit for the time spent in federal custody on the writ of habeas corpus ad prosequndum because the interference by the federal government prevented New York State from the administrative finalization of his state sentence. Jimenez relies on several cases to support his argument all of which stand for the proposition that time spent in state custody on a federal detainer should be credited to the federal sentence. *See e.g. United States v. Winter*, 730 F.2d 825 (1st Cir.1984)(federal prisoner may be entitled to credit for time spent in state prison on unrelated charge if continued state confinement was exclusively the product of such action by federal law enforcement officials that would justify treating state jail as the practical equivalent of a federal jail) and *United States v. Eidum*, 474 F.2d 579 (9th Cir.1973)(petitioner was entitled to credit against federal sentence for the portion of time spent in state custody when release was prevented by a federal detainer).

■ Unfortunately for Jimenez, all of the cases he cites are distinguishable because each involved factual situations in which the defendant was (1) in state custody, (2) eligible for release either because bail was available or the sentence had expired, and (3) held by state authorities on a federal detainer for a federal offense. The case law cited by the government, however, is directly on point. It offers overwhelming support for the proposition that a federal sentence does not begin to run when a federal defendant is delivered from state custody for prosecution under a federal writ of habeas corpus ad prosequndum. *Thomas v. Whalen*, 962 F.2d 358, 361 n. 3 (4th Cir.1992); *Salley v. United*

*States,* 786 F.2d 546, 548 (2d Cir.1986); *United States v. Smith,* 812 F.Supp. 368 (E.D.N.Y.1993); *Chambers v. Holland,* 920 F.Supp. 618, 622 (M.D.Pa.1996), *aff'd* 100 F.3d 946.

■■ The State of New York acquired primary and exclusive jurisdiction over Jimenez when its law enforcement officials arrested him for state law violations on March 29, 1997. He remained under the primary jurisdiction of New York until his parole was perfected and he was turned over on the outstanding federal warrant. Jimenez argues in vain that he completed his state sentence for the parole violation after four months incarceration and that sentence expired while he was in federal custody because, although his parole was revoked on May 7, 1997, the underlying parole violation sentence did not expire until February 11, 1999, when he was released to the warrant lodged against him for service of his federal sentence.

All time spent in federal custody prior to February 11, 1999 was credited to Jimenez's state parole violation sentence because he could not be released from that sentence until after he appeared before the Parole Board and obtained its approval of his release. The government argues persuasively that under the provisions of 18 U.S.C. § 3585(b) and relevant case law Jimenez cannot be granted credit on his federal sentence for time already credited to his state parole violation sentence.

It is not disputed that the New York Parole Board anticipated that Jimenez would serve four months for the parole violation. It is equally indisputable that he was required to appear before the Board to gain its approval before his release. That his appearance was frustrated for a significant period of time by the federal government does not, by itself, afford Jimenez the relief he seeks here. *See Rios v. Wiley,* 201 F.3d 257, 271–273 (3d Cir.2000) (petitioner, who spent 22 months in federal detention pursuant to a writ of habeas corpus ad prosequendum while serving a state sentence, could not be credited for that time on his federal sentence under § 3585(b) because it was credited against the state sentence he was then serving).

Jimenez was in federal custody on a writ of habeas corpus ad prosequendum to be prosecuted for a federal offense. The fact that he could not appear before the New York Parole Board while under that detention does not affect the validity of the original writ, nor does it eliminate the requirement that his release from the parole violation sentence be approved by the New York Parole Board. Moreover, that fact alone does not warrant disregarding the prohibition against double credit prescribed by § 3585(b).

The government correctly points out that there is no indication that Jimenez's federal sentence was to run concurrently with his state sentence and Jimenez does not contend otherwise.

## ORDER

For the foregoing reasons, Jimenez' Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED.**

**So ordered.**