**James ROCHE, Petitioner-Appellee,**

**v.**

**G. H. SIZER, Warden, Federal Correctional Institution, The United States Parole Commission, and William French Smith, Attorney General of the United States, Respondents-Appellants.**

**No. 422, Docket 81–2236.**

United States Court of Appeals, Second Circuit.

Argued Feb. 1, 1982.

Decided April 1, 1982.

Barry K. Stevens, Asst. U. S. Atty. for the District of Connecticut, Hartford, Conn. (Alan H. Nevas, U. S. Atty., District of Connecticut, Bridgeport, Conn., of counsel), for respondents-appellants.

John L. Pottenger, Jr., Jerome N. Frank Legal Services Organization, Yale Law School, New Haven, Conn. (Stephen Wizner, Renee D. Chotiner, P. J. Pittman, New Haven, Conn., on the brief), for petitioner-appellee.

Before LUMBARD and VAN GRAAFEILAND, Circuit Judges, and BONSAL, District Judge [*].

BONSAL, District Judge:

On January 29, 1979 petitioner, James Roche, was arrested by federal agents,

---

[*] Of the United States District Court for the Southern District of New York, sitting by designation.

charged with conspiracy to distribute cocaine and marijuana (the Federal charges), and was sent to the Connecticut Correctional Institution at Hartford ("CCI Hartford") where federal defendants are held while awaiting trial. On March 20, 1979 the State of Connecticut issued a warrant for petitioner's arrest, charging him with the sale of cocaine in violation of the Connecticut General Statutes (the Connecticut charges).

On April 30, 1979 petitioner posted a bond with respect to the Federal charges. However, since he had not posted bond with respect to the Connecticut charges, he remained incarcerated at CCI Hartford.

On May 7, 1979 Chief Judge Clarie issued a writ of *habeas corpus ad prosequendum* directing that petitioner be turned over to the United States Marshal for trial on the Federal charges, the writ providing that "immediately after prosecution has been concluded, the United States Marshal for the District of Connecticut . . . shall return the said James Roche to the Connecticut Commissioner of Corrections, Community Correctional Center, Hartford, Connecticut. . . ."

On June 13, 1979 petitioner pled guilty to the Federal charges and was sentenced by Judge Clarie to imprisonment for three years. He was then returned to Connecticut custody at CCI Hartford pursuant to the writ of *habeas corpus ad prosequendum*. On September 20, 1979, having pled guilty to the Connecticut charges, petitioner was sentenced to one-to-two years' imprisonment by Judge Brennan of the Connecticut Superior Court and was incarcerated in the Connecticut Correctional Institution, Somers, Connecticut.

On December 3, 1979 petitioner was released on parole from Connecticut custody and, pursuant to a federal detainer, was delivered to the Federal Correctional Institution at Danbury to commence his federal sentence (18 U.S.C. § 3568 (1976)). He was given credit for time served for the period from January 29, 1979, the date of his arrest on the Federal charges, to April 30, 1979, the date on which he posted bond with respect to the Federal charges.

On January 5, 1981 petitioner moved for a reduction of sentence pursuant to Rule 35, Fed.R.Crim.P. "to recover jail time credit due to him for time served in State custody." Chief Judge Clarie reduced petitioner's sentence an additional 45 days to give him credit for the period from April 30, 1979, on which date petitioner posted bond on the Federal charges, to June 13, 1979, the date on which he was sentenced on the Federal charges.

On April 8, 1981 petitioner filed a petition for habeas corpus in the district court, contending that his sentence on the Federal charges began to run from the date of his sentencing, June 13, 1979, rather than December 3, 1979, the date on which he was incarcerated in the Federal Correctional Institution in Danbury.

Petitioner argues that his range for release on parole was 20–26 months, according to the guidelines of the United States Parole Commission, and that he was notified by the Parole Commission that his incarceration would be continued to a presumptive parole after service of 26 months. Petitioner alleges that he has been incarcerated more than 26 months, using the date of his sentencing, June 13, 1979, as the starting date.

On May 20, 1981 the district court, Ellen B. Burns, J., directed the Parole Commission to credit petitioner with the time he was incarcerated between the date of sentencing before Judge Clarie, June 13, 1979, and December 3, 1979 when he commenced to serve his federal sentence, and stated that if such credit was not accorded by the close of business on June 5, 1981 the petition for a writ of habeas corpus would be granted and petitioner released as though he were on parole.

This decision conflicts with two other recent cases, *Zeldes v. United States,* Civil No. B–79–257 (D.Conn. April 15, 1980), *aff'd.* 636 F.2d 1206 (2d Cir. 1980), *cert. denied,* 450 U.S. 983, 101 S.Ct. 1521, 67 L.Ed.2d 819 (1981), and *Betres v. Hambrick,* Civil No. N–81–322 (D.Conn. Sept. 21, 1981),

in which the court below found under similar circumstances that the federal government had yielded primary jurisdiction. The petitioner in *Zeldes* pled guilty to federal charges and was released on bail pending sentencing. He was then arrested on unrelated New York charges and held in New York custody. He appeared in federal court pursuant to a writ of *habeas corpus ad prosequendum* and was sentenced to a five-year term. He was then returned to a New York facility to await trial on the New York charges. In the meantime, a second New York charge was filed against him and he was sentenced to a term of six months "to run concurrently with [his] Federal sentence." He served his sentence but remained in New York custody awaiting trial on the first set of charges. After trial, he was sentenced to a term to run consecutively to his federal sentence. He was then transferred to federal prison. Petitioner argued that his federal sentence began on the day he was sentenced rather than the day he was returned to federal custody. The court refused to grant petitioner credit on his federal sentence for the time spent in New York custody, noting that while the general rule is that the first arresting sovereign obtains primary jurisdiction, that jurisdiction can be yielded. The court found that the federal government had yielded primary jurisdiction because it had allowed petitioner to be imprisoned by New York authorities without challenging their jurisdiction. The court also found the use of the writ of *habeas corpus ad prosequendum* to obtain petitioner's presence for sentencing to be persuasive. Petitioner attempted to rely on a letter showing that the judge intended that his sentence commence on the date of sentencing, but the letter was not a part of the record and the court refused to give it any weight.

 The fact that Roche was placed in a Connecticut facility rather than a federal

one while he was a federal pretrial detainee has no significance since there were no federal facilities available. We find, as in *Zeldes*, that primary jurisdiction over Roche passed to Connecticut when he posted bond on the Federal charges.

We find that the disposition below runs counter to the federal statute governing commencement of sentence and credit for presentence jail time (18 U.S.C. § 3568).[1] Under 18 U.S.C. § 3568, petitioner's sentence commenced on December 3, 1979 when he was released from Connecticut custody and delivered to the Federal Correctional Institution at Danbury to commence his federal sentence. Moreover, during the period between April 30, 1979 when he posted bail with respect to the Federal charges but not with respect to the Connecticut charges and May 7, 1979 when Judge Clarie issued the writ of *habeas corpus ad prosequendum*, he was under Connecticut custody and not federal custody. He returned to federal custody only for the period between May 7, 1979, the date of the writ of *habeas corpus ad prosequendum*, and June 13, 1979 when he was sentenced on the Federal charges and returned to Connecticut custody. The effect of the decision below would be to grant petitioner credit for the same period of time against both his federal and state sentences, which we find inconsistent with 18 U.S.C. § 3568, *Zeldes v. United States, supra; Crawford v. Jackson,* 589 F.2d 693 (D.C.Cir.1978), *cert. denied,* 441 U.S. 934, 99 S.Ct. 2056, 60 L.Ed.2d 662 (1979); *Wolcott v. Norton,* 365 F.Supp. 138 (D.Conn.), *aff'd,* 487 F.2d 513 (2d Cir. 1973).

Reversed, 516 F.Supp. 961.

---

1. 18 U.S.C. § 3568 provides in pertinent part:
   "The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed....
   No sentence shall prescribe any other method of computing the term."