**Kim CHAMBERS, Petitioner,**

v.

**J.T. HOLLAND, Warden, United States Penitentiary, Allenwood, Respondent.**

**Civil No. 4:CV–95–1686.**

United States District Court, M.D. Pennsylvania.

April 4, 1996.

Petitioner, pro se.

Anne K. Fiorenza, Assistant United States Attorney, Harrisburg United States Attorney's Office, Harrisburg, PA, for respondent.

## MEMORANDUM

McCLURE, District Judge.

### BACKGROUND:

Kim Chambers, an inmate presently confined at the United States Penitentiary–Allenwood, White Deer, Pennsylvania, filed a

petition for writ of mandamus pursuant to 28 U.S.C. § 1361.[1] Previously, by order dated November 1, 1995, petitioner's motion was construed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.[2] Warden Holland was directed to file a response to the petition.

Following receipt of the Warden's response and petitioner's traverse to the same, Magistrate Judge Blewitt, to whom this case was assigned, filed a report and recommendation[3] urging this court to construe the petition for writ of mandamus as a petition filed pursuant to 28 U.S.C. § 2255.[4] We agree with the recommendation of dismissal but for reasons other than those stated by the magistrate judge. Petitioner's objections to the report of the magistrate judge[5] will be denied.

## DISCUSSION

### Petitioner's claims

Petitioner disputes the Bureau of Prisons' (BOP) interpretation of the judgment and commitment order of the sentencing judge, the Honorable I. Leo Glasser of the United States District Court for the Eastern District of New York. Petitioner disagrees with the BOP's calculation of his federal sentence.

■ The magistrate judge viewed petitioner's claims as a petition to modify his sentence. Petitions filed pursuant to 28 U.S.C. § 2255 must be filed first before the sentencing judge absent evidence that such a filing would be futile. We disagree with the magistrate judge's characterization of petitioner's claim as a request for relief under section 2255. Petitioner is not seeking modification of the sentence imposed by Judge Glasser. Petitioner's disagreement lies not with the sentence imposed by Judge Glasser, but with the BOP's computation of that sentence.

### Sentence imposed

Petitioner entered a plea of guilty to charges of using a telephone to facilitate a drug offense, 21 U.S.C. § 843(b), (Count I of a superseding indictment), and possession of a firearm during the commission of a drug trafficking crime, 18 U.S.C. § 924(c)(1), (Count II of a superseding indictment), *United States v. Chambers,* No. CF 92–0414–S. Sentence was imposed pursuant to the Sentencing Reform Act of 1984 and upon motion of the government for an upward departure.

On October 16, 1992, Judge Glasser signed a judgment and commitment order sentencing petitioner to a term of imprisonment on Count I of:

(48) forty eight months.

On Count # 2, the defendant is sentenced to imprisonment for five (5) years, CONSECUTIVE to term on Count # 1 and CONCURRENT with state terms from 3/9/92.

(Record document no. 1, exhibit "1.")

Petitioner interprets the order as sentencing him to: 1) a term of imprisonment of

---

1. Section 1361 provides:

   The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

   28 U.S.C. § 1361.

2. Section 2241 provides:

   Writs of habeas corpus may be granted by ... the district courts and any circuit judge within their respective jurisdictions ...

   28 U.S.C. § 2241.

3. Record document no. 11.

4. Section 2255 provides, in relevant part:

   A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

   A motion for such relief may be made at any time.

   . . . .

   An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

   28 U.S.C. § 2255.

5. Record document no. 12.

forty-eight months on Count I, to commence March 9, 1992; and 2) a term of imprisonment of five years on Count II, to run consecutive to the forty-eight month sentence. The BOP does not disagree with petitioner's interpretation, and his interpretation is, in fact, consistent with its literal meaning. However, BOP takes the position that application of the sentence as stated literally would be inconsistent with federal law.

### Authority to compute federal sentences

■ The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, *United States v. Wilson,* 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) and 18 U.S.C. § 3585, and has delegated that authority to the Director of the Bureau of Prisons. 28 C.F.R. § 0.96 (1992).

■ Implicit in the sentence imposed by Judge Glasser is credit for the time petitioner served from March 9, 1992 to October 16, 1992, the date of sentencing. The decision to grant or deny credit for time served prior to the date of sentencing vests initially in the BOP, not the sentencing judge. In *Wilson,* 503 U.S. at 333–35, 112 S.Ct. at 1354–1355, 117 L.Ed.2d at 599–600, the United States Supreme Court rejected the argument that "§ 3585(b) authorizes a district court to award credit at sentencing." The Court found that it was Congress' intent that "computation of the credit . . . occur after the defendant begins his sentence. A district court, therefore, cannot apply § 3585(b) at sentencing." *Id.* at 335, 112 S.Ct. at 1355, 117 L.Ed.2d at 600.

Judge Glasser was, therefore, without authority, to grant petitioner credit for the time served prior to October 16, 1992.

### Computation of petitioner's sentence

Judge Glasser's decision to credit petitioner with time served prior to the date of sentencing was also contrary to applicable law. "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody." *United States v. Smith,* 812 F.Supp. 368, 370 (E.D.N.Y.1993). In computing Chambers'

sentence, the BOP did not give him credit for the time which he served in state custody from March 9, 1992 to October 16, 1992. Chambers challenged that exclusion on administrative appeal. His application for relief was denied on the ground that crediting him for time served from March 9, 1992 to October 16, 1992 would be contrary to federal law, since he was in primary custody of the state during that period.

The BOP ruled that crediting petitioner with the time served during that period would be inconsistent with 18 U.S.C. § 3585. Section 3585 provides:

(a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585.

■ The federal sentence does not commence until the Attorney General receives the defendant into her custody for service of the federal sentence. This is so, not only under 18 U.S.C. § 3585(a), but under prior law as well. *Pinaud v. James,* 851 F.2d 27, 30 (2d Cir.1988), (citing repealed 18 U.S.C. § 3568). See also: *United States v. Pungitore,* 910 F.2d 1084, 1118–19 (3d Cir.1990) ("a federal sentence does not begin to run until the defendant is delivered to the place where the sentence is to be served"), *cert. denied,* 500 U.S. 915, 111 S.Ct. 2009, 114 L.Ed.2d 98 (1991).

■ The sovereign which first arrests a defendant has primary jurisdiction over him. *Shumate v. United States,* 893 F.Supp. 137 (N.D.N.Y.1995), citing *Ponzi v. Fessenden,* 258 U.S. 254, 260–61, 42 S.Ct. 309, 310–11, 66 L.Ed. 607 (1922) and *In re Liberatore,* 574 F.2d 78 (2d Cir.1978). See also: *Thomas v. Brewer,* 923 F.2d 1361, 1365–67 (9th Cir. 1991).

Chambers was arrested first by the State of New York, convicted and sentenced there to a term of imprisonment of thirty months to life. While he was incarcerated for offenses committed there, he was charged with, and entered a plea of guilty to, federal charges filed against him in the Eastern District of New York. Sentence was imposed by Judge Glasser.

Primary jurisdiction remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of the sentence. *United States v. Warren,* 610 F.2d 680, 684–85 (9th Cir.1980). See also: *Roche v. Sizer,* 675 F.2d 507, 510 (2d Cir.1982) (holding that federal court relinquished jurisdiction by releasing prisoner on bail). Primary jurisdiction over a state prisoner ends and federal custody over him commences only when the state authorities relinquish him on satisfaction or extinguishment of the state obligation. *Smith,* 812 F.Supp. at 370, citing *Thomas v. Whalen,* 962 F.2d 358, 361 n. 3 (4th Cir.1992).

■ Producing a state prisoner under writ of habeas corpus ad prosequendum to answer federal charges does not relinquish state custody. *Thomas v. Brewer,* 923 F.2d at 1366–67. See also: *Salley v. United States,* 786 F.2d 546, 547–48 (2d Cir.1986) (defendant produced and sentenced in federal court via writ of habeas corpus ad prosequendum did not begin to serve consecutive federal sentence until delivered into federal custody.)

New York did not relinquish jurisdiction over Chambers prior to his federal sentencing date. Chambers remained incarcerated on his state sentence during the period prior to October 16, 1992. He was brought before the federal court pursuant to a writ of habeas corpus ad prosequendum, but primary juris-diction over him remained vested in the state. No triggering event occurred to shift primary jurisdiction to the federal government.

■ When a federal court sentences a defendant in state custody at the time of sentencing, "the federal sentence may commence if and when the Attorney General or the Bureau agrees to designate the state facility for service of the federal sentence." *Smith,* 812 F.Supp. at 370, citing *Barden v. Keohane,* 921 F.2d 476, 481–82 (3d Cir.1990); 18 U.S.C. § 3621 (vesting designation authority in Bureau); and 28 C.F.R. § 0.96 (delegating authority of Attorney General under repealed 18 U.S.C. § 4082 to Bureau).

Section 3621(b) places on the BOP the responsibility of designating

> the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering— . . . .

18 U.S.C. § 3621(b).

In a letter dated November 10, 1992, G.C. Wilkinson, Regional Director for the Northeast Regional Office of the Federal Bureau of Prisons designated the New York Department of Correctional Services as the facility where petitioner was to serve his federal term. That designation allowed petitioner's forty-eight month sentence to run concurrently with the state term of imprisonment he is now serving.

■ Chambers could not, consistent with 18 U.S.C. § 3585, be given credit for time served prior to his October 16, 1992 sentencing date. As we stated above, section 3585(b) allows such credit only if it has not been credited against another sentence. Chambers was, prior to October 16, 1992, under the primary jurisdiction of New York State. When he was produced in federal court pursuant to a writ, he was essentially

"borrowed" from state custody. He cannot, therefore, be given credit toward his federal sentence for the time he was in federal custody on writ.

### Reno v. Koray

Chambers relies on the United States Supreme Court's decision in *Reno v. Koray*, —— U.S. ——, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995) as support for his position. The Court was interpreting a different aspect of section 3585(b) in *Reno*. There, the question was whether the petitioner should have been given credit on his sentence for time served at a community treatment center prior to his incarceration on federal charges. The issue before the Court was whether petitioner was in "official detention" while at the community treatment center. That issue is not part of this case. Further, petitioner relies, for certain points of his argument, on the holding of the United States Court of Appeals for the Third Circuit in *Koray v. Sizer*, 21 F.3d 558 (1994). That holding, including, more importantly, the points which petitioner seeks to draw from it, was reversed by the Supreme Court. For these reasons, we are not persuaded by petitioner's reliance on *Reno v. Koray*.

### Summary

To summarize: Chambers' petition for relief is properly construed as a petition for habeas relief, and as such, can properly be heard by this court. The petition will be denied, because: 1) Judge Glasser had no authority to grant petitioner credit for time served prior to the date of his federal sentencing; and 2) the BOP's calculation of his sentence is correct. The relief which petitioner seeks, i.e. to be given credit on his federal sentence for time served on a writ issued by the federal court, while he remained in the primary custody of the state, is inconsistent with federal law. Section 3585 does not permit credit on a federal sentence for time served and credited against another sentence. 18 U.S.C. § 3585(b).