# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Whitaker, :
          Petitioner :
           :
          v. : No. 347 M.D. 2016
           : Submitted: June 23, 2017
Department of Corrections, :
          Respondent :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT          FILED: November 1, 2017

Before this Court are the preliminary objections in the nature of a demurrer filed by the Pennsylvania Department of Corrections to an amended petition for review filed *pro se* by Kevin Whitaker in this Court's original jurisdiction.[1] For the reasons that follow, we overrule the Department's preliminary objections.

At the time he filed the amended petition for review, Whitaker was incarcerated at the State Correctional Institution (SCI) at Coal Township. The

---

[1] Initially, Whitaker filed a petition for review "for error of time credit while in custody" against the Court of Common Pleas of Philadelphia County and the Philadelphia Prison System. By order dated June 16, 2016, this Court directed Whitaker that, to the extent that he is challenging the Department's calculation of sentence, he must file an amended petition for review naming the Department as respondent; to the extent he is seeking mandamus relief against the Court of Common Pleas of Philadelphia County, jurisdiction lies in the Supreme Court of Pennsylvania; and to the extent Whitaker seeks mandamus relief against the Philadelphia Prison System, jurisdiction lies in the Philadelphia County Court of Common Pleas. Order (06/16/2016) at 1-2. On July 11, 2016, Whitaker filed a "second" petition for review addressed to this Court's original jurisdiction, naming the Department as respondent. *See* 42 Pa. C.S. §761 (establishing this Court's jurisdiction). We refer to this "second" petition for review as Whitaker's amended petition for review.

petition alleges that Whitaker was arrested on March 29, 2014, and remained in custody through November 12, 2015. In the meantime, on May 21, 2015, Whitaker entered into a plea agreement before Philadelphia County Court of Common Pleas Judge Robert P. Coleman, who "allow[ed] [him] to go on writ [of habeas corpus *ad prosequendum*] before sentencing him, over to federal custody to be sentenced first." Addendum to Amended Petition for Review at 2. The petition then alleges that Whitaker "went on writ some time in June of 2015 to be sentence[d] and was held in federal custody" for about two weeks and then "was returned back to the Philadelphia Prison System some time in June of 2015 awaiting to be sentence[d]." Amended Petition ¶4. Thereafter, on November 12, 2015, Judge Coleman sentenced him to a term of 30 to 60 months of imprisonment followed by 7 years of probation and "ordered that all Philadelphia Prison System time is to be credit[ed] and that his sentence is to run consecutive to any sentence that [he] is serving now." Amended Petition ¶5.

The amended petition alleges that on November 17, 2015, Whitaker was incarcerated at SCI-Camp Hill and received a sentence status summary indicating, *inter alia*, that he would not receive credit to his sentence for the period of incarceration from June 22, 2015, to November 12, 2015. Whitaker maintains that the Department erred by failing to award him credit for that time because the Court of Common Pleas of Philadelphia County never relinquished its primary jurisdiction over him. He now seeks credit against his sentence for "all time spent in custody prior to sentence." Amended Petition at 3.

An addendum filed to the amended petition for review alleges that Whitaker wrote to the Philadelphia Prison System numerous times requesting review

of the computation of his credit time.[2] In response, he received two letters denying his claim. The first letter, issued on June 7, 2016, explained that Whitaker was eligible for credit only for the period from March 29, 2014, the date he was arrested, to June 24, 2015, because "on 6/25/15, [he was] given a Federal sentence of 46 months, therefore [his] credit stops 6/24/15." Addendum, Exhibit A. The second letter, issued on July 19, 2016, stated that "[Whitaker] was awarded credit time from: 3/29/14 to: 6/29/15…. Time starting from 6/30/15 was awarded to [his] USM sentence." Addendum, Exhibit B. Whitaker asserts that he has not been given credit for all of his time spent in custody, *i.e.*, for his incarceration from June 22, 2015, to November 12, 2015.

The Department filed preliminary objections in the nature of a demurrer seeking dismissal of Whitaker's amended petition.[3] It asserts that the amended petition should be treated as an action in mandamus, which does not state a clear, legal right to a writ of mandamus. The Department maintains that because it is not an "adjudicative body" but rather "an executive branch agency charged with faithfully implementing the sentences imposed by the courts," it lacks the power to "add or delete sentencing conditions." Preliminary Objection ¶17. The Department contends that Whitaker failed to plead facts to show that he was entitled to the credit time at issue; rather, the document attached in the addendum to the amended petition explains that "his state pre-sentencing credit must end on June 25, 2015 when a federal sentence was imposed." Preliminary Objection ¶20. The Department further argues that, because two prosecutions – one state and one federal – occurred

---

[2] Whitaker explained in his initial petition for review that the Department advised him to address all inquiries concerning his credit time to the Philadelphia Prison System. Initial Petition ¶8.

[3] Pennsylvania Rule of Civil Procedure No. 1028(a)(4) provides that "[p]reliminary objections may be filed by any party to any pleading and are limited to the following grounds: …. legal insufficiency of a pleading (demurrer)." PA. R.C.P. NO. 1028(a)(4).

simultaneously, time spent in pre-sentence detention cannot be credited to either of those sentences because "such an application of credit would effectively double the credit to which [Whitaker] was entitled." Preliminary Objection ¶22.

In considering a demurrer, we accept as true all well-pled material allegations in the petition, as well as all inferences reasonably deducible from the allegations. *Lawrence v. Pennsylvania Department of Corrections*, 941 A.2d 70, 71 (Pa. Cmwlth. 2007). In addition, courts reviewing preliminary objections may not only consider the facts pled in the complaint but also documents or exhibits attached to it. *Id.* (citing *Philmar Mid–Atlantic, Inc. v. York Street Assocs. II*, 566 A.2d 1253, 1254 (Pa. Super. 1989) ("[I]n the context of a demurrer … it is not necessary to accept as true averments in the complaint which are in conflict with exhibits attached to the complaint."). "A demurrer must be sustained where it is clear and free from doubt the law will not permit recovery under the alleged facts; any doubt must be resolved by a refusal to sustain the demurrer." *Lawrence*, 941 A.2d at 71-72.

Because Whitaker seeks to compel the Department to credit a period of time to his sentence, the Department is correct that his amended petition seeks mandamus relief. An action in mandamus is an extraordinary remedy at common law, which will only be granted to compel the performance of a ministerial act or mandatory duty. *Id*. at 72. "The purpose of mandamus is not to establish legal rights, but to enforce those rights already established beyond peradventure." *Id.* (citations omitted). This Court may only issue a writ of mandamus where the petitioner possesses a clear legal right to enforce the performance of a ministerial act or mandatory duty, the defendant possesses a corresponding duty to perform the act, and the petitioner possesses no other adequate or appropriate remedy. *Id.* A writ

4

of mandamus will lie to compel the Department to properly compute an inmate's prison sentence. *Id.*

In support of his amended petition, Whitaker maintains that he is entitled to credit toward his state sentence for the time he was incarcerated from June 22, 2015, to November 12, 2015. He argues that the Court of Common Pleas of Philadelphia County had primary jurisdiction over him during that period of time despite the fact that he was produced for prosecution by a federal writ of habeas corpus *ad prosequendum*. According to Whitaker, Judge Coleman ordered that all of the time Whitaker was held in the Philadelphia Prison System be credited toward his sentence, which includes the period between June 22, 2015, and November 12, 2015.

We begin with a review of the primary jurisdiction doctrine. Generally, the sovereign that has first arrested a defendant has primary jurisdiction over him. *Newsuan v. Department of Corrections*, 853 A.2d 409, 411 (Pa. Cmwlth. 2004) (citing *Chambers v. Holland*, 920 F.Supp. 618, 622 (M.D. Pa.), *aff'd*, 100 F.3d 946 (3d Cir. 1996)). Primary jurisdiction remains vested in the sovereign that first arrested the defendant until its jurisdiction is relinquished by, for example, bail release, dismissal of the state charges, parole release, or expiration of the sentence. *Newsuan*, 853 A.2d at 411. Thus, when a federal court and state court each have jurisdiction of a defendant, the doctrine of primary jurisdiction allows the tribunal which first obtained jurisdiction to hold it to the exclusion of the other until the first tribunal's jurisdiction is exhausted. *Id*. at 412.

A writ of habeas corpus *ad prosequendum* permits one sovereign, "the receiving sovereign," to temporarily borrow a prisoner in the custody of the other sovereign, the "sending sovereign," for the purpose of prosecuting him. *Morgan v.*

5

*Pennsylvania Board of Probation and Parole*, 814 A.2d 300, 303 (Pa. Cmwlth. 2003). When a federal defendant is produced for prosecution by a federal writ of habeas corpus *ad prosequendum* from state custody, the federal sentence does not begin to run; the state authorities retain primary jurisdiction over the prisoner. The federal sentence commences only when the defendant is received into custody at the official detention facility at which the sentence is to be served. *Newsuan*, 853 A.2d at 412.

In the present case, Whitaker seeks to compel the Department to credit his state sentence for the period of incarceration between June 22, 2015, and November 12, 2015. In support, his petition alleges that he was arrested on March 29, 2014, and remained in the custody of the Department through November 12, 2015. He further alleges that he was on writ of habeas corpus *ad prosequendum* to answer a federal prosecution in June of 2015, and on June 22, 2015, the date his federal sentence was imposed, he returned to the Philadelphia Prison System and remained incarcerated there waiting imposition of his state sentence. The petition also alleges that Judge Coleman sentenced him on November 12, 2015, and ordered that all Philadelphia Prison System time be credited to his state sentence. All those facts, if proven, would be sufficient to establish a clear, legal right to mandamus relief.

In its demurrer, the Department argues that Whitaker is not entitled to credit toward his state sentence for any time after his federal sentence was imposed. The Department further argues that, pursuant to Section 9760(1) of the Sentencing Code,[4] any time spent in pre-sentence detention cannot be credited to "an unrelated

---

[4] It provides in pertinent part:

6

sentence being actively served by an inmate." Preliminary Objection ¶21. In other words, the Department did not give Whitaker credit for the time served from June 22, 2015, to November 12, 2015, because it believed that Whitaker was serving his federal sentence during that period of time. The attachments to Whitaker's addendum to the amended petition for review do not establish that he started serving his federal sentence on June 22, 2015. A federal sentence does not necessarily begin to run on the date of its imposition; it commences only when the defendant is received into custody at the official detention facility at which the sentence is to be served. *Newsuan*, 853 A.2d at 412. Nowhere does Whitaker's petition allege or imply that the Philadelphia Prison System facility was designated as the facility for service of the federal sentence.

It is well settled that a demurrer "cannot be used to supply a fact missing in the complaint." *Johnston v. Lehman*, 609 A.2d 880, 882 (Pa. Cmwlth. 1992). In ruling upon a preliminary objection in the nature of a demurrer, we must accept as true all well-pleaded allegations of material fact and all inferences reasonably deducible from them. Thus, here, we must accept Whitaker's allegation that he was incarcerated under the Department's jurisdiction between June 22, 2015, and November 12, 2015. This means that Whitaker could be entitled to an order directing the Department to give him credit on his state sentence for that period of time. The Department argues that Whitaker did not provide evidence to show that he was entitled to the credit time at issue; this, however, is not a ground for demurrer. Here, it is not "clear and free from doubt the law will not permit recovery under the

---

Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based.

42 Pa. C.S. §9760(1).

7

alleged facts"; therefore, "any doubt must be resolved by a refusal to sustain the demurrer." *Lawrence*, 941 A.2d at 71-72.

Accordingly, we overrule the Department's preliminary objections.

_____
MARY HANNAH LEAVITT, President Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Whitaker,                              :
                    Petitioner              :
                                            :
          v.                                :   No. 347 M.D. 2016
                                            :
Department of Corrections,                  :
                    Respondent              :

**ORDER**

AND NOW, this 1st day of November, 2017, it is ORDERED that the preliminary objections of the Department of Corrections in the above-captioned matter are hereby OVERRULED. The Department of Corrections shall file an answer to the amended petition for review within thirty (30) days of the date of this Order.

 

_____
MARY HANNAH LEAVITT, President Judge