J-S43035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA EX REL. ANDRE JACOBS | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : : | |
| | : | No. 181 WDA 2018 |
| SUPERINTENDENT MICHAEL CLARK, SECRETARY OF CORRECTIONS JOHN E. WETZEL | : : : : | |

Appeal from the Order January 12, 2018
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-MD-0000122-2017

BEFORE: STABILE, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED SEPTEMBER 18, 2018**

*Pro se* Appellant Andre Jacobs appeals from the order denying his petition for a writ of *habeas corpus*. He contends, among other things, that the Pennsylvania Department of Corrections (DOC) improperly calculated his release date by electing to disregard the trial court's sentencing order. Because Appellant's claim is properly decided by the Commonwealth Court, we transfer the appeal.

We briefly state the procedural background of this appeal. On December 1, 2016, the trial court docketed what Appellant styled as a petition for a writ of *habeas corpus*. Appellant's Pet. for Writ of *Habeas Corpus*, 12/1/16. Appellant raised several issues in his petition, including retaliation for his prior successful lawsuit against the DOC, the DOC has failed to treat his

neurochemical disease, and the DOC improperly delayed his release date from prison, thus preventing him from commencing his federal sentence. *Id.* at 5; *id.* at Ex. 6. In relevant part, Exhibit 6 is the DOC's handwritten response to Appellant's query regarding the delay of his release:

> You were sentenced in Fayette County on 4/18/2008 to 2y 3m – 10y at docket CP 265/2005. This was listed as a detainer. CP 265/2005 should have been an active sentence, as any state sentence must be finished before the state releases you to Federal detainer.
>
> A new 16E/status sheet is being calculated and will be sent to you upon completion.

*Id.*

Following a hearing, the court, on January 12, 2018, denied Appellant's petition, reasoning that Pennsylvania "has primary jurisdiction under the doctrine of primary jurisdiction and [Appellant's] state sentences have been properly aggregated. Upon relinquishment of jurisdiction by the Commonwealth, [Appellant] will commence to serve his federal sentence." Order, 1/12/18.

Appellant timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement, which claimed, *inter alia*, that the DOC lacked authority to disregard a sentencing order, resulting in his illegal detainment. Appellant's Rule 1925(b) Statement, 2/6/18.

Appellant raises the following issues in his brief:

1. Does the Pennsylvania Department of Corrections have the authority to administrative override a sentencing judge's

sentencing scheme, and forcibly maintain custody of a person not serving an active prison sentence?

2. Is a new sentencing hearing warranted when the place of confinement is unable or unwilling to honor a sentencing court's sentencing scheme?

3. Are newly appointed judges permitted to change a prior judge's recorded sentencing scheme without providing a new sentencing hearing?

Appellant's Brief at 4.

Initially, we discuss whether we have jurisdiction, which we may raise *sua sponte*. **Brady Contracting Co. v. W. Manchester Twp. Sewer Auth.**, 487 A.2d 894, 896 (Pa. Super. 1985). Generally, 42 Pa.C.S. §§ 761-762 address the Commonwealth Court's original and appellate jurisdiction. "Where discretionary actions and criteria are not being contested, but rather the actions of the Department in computing an inmate's maximum and minimum dates of confinement are being challenged, an action for mandamus remains viable as a means for examining whether statutory requirements have been met." **McCray v. Pa. Dep't of Corr.**, 872 A.2d 1127, 1130-31 (Pa. 2005). "A writ of mandamus will lie to compel the Department of Corrections to properly compute a prisoner's prison sentence." **Bright v. Pa. Bd. of Probation & Parole**, 831 A.2d 775, 777-78 (Pa. Cmwlth. 2003) (citations omitted). We add that it appears the Commonwealth Court has routinely resolved such issues. **See, e.g.**, **Griffin v. Pa. Dept' of Corr.**, 862 A.2d 152, 158 n.7 (Pa. Cmwlth. 2004); **Newsuan v. Pa. Dep't of Corr.**, 853 A.2d 409, 411 (Pa. Cmwlth. 2004).

- 3 -

Here, although Appellant's petition is styled as a petition for a writ of *habeas corpus*, it alleges the DOC failed to properly calculate his maximum state sentence such that he should begin serving his federal sentence. ***See McCray***, 872 A.2d at 1130-31; ***Bright***, 831 A.2d at 777-78; ***see also Griffin***, 862 A.2d at 158 n.7; ***Newsuan***, 853 A.2d at 411. Accordingly, given the Commonwealth Court's familiarity with Appellant's issues, we transfer the appeal to the Commonwealth Court.

Case transferred to Commonwealth Court. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  9/18/2018

- 4 -