IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Commonwealth of Pennsylvania | : |
| | : |
| v. | : No. 88 M.D. 2021 |
| | : Submitted: September 30, 2022 |
| Raymel Addison, | : |
| Petitioner | : |

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM

FILED: January 20, 2023

The Pennsylvania Department of Corrections (DOC) has filed a preliminary objection (PO) in the nature of a demurrer to Raymel Addison's (Addison) pro se petition for review (Petition) seeking mandamus relief.[1] Addison alleges DOC's DC16E—Sentence Status Summary form (DC16E form) is incorrect because it does not accurately reflect the Court of Common Pleas of Allegheny County's (trial court) sentencing order regarding whether he is to serve his current state or federal sentence first. In his Petition, Addison requests this Court direct DOC to correct its DC16E form to reflect the wording in the trial court's sentencing order which indicates he is to serve his current state sentence after his federal sentence. Concluding that Addison's Petition fails to establish a clear legal right to relief, we sustain DOC's PO and dismiss Addison's Petition.

---

[1] Addison filed his Petition as a "Motion to Correct DC16E- Sentence Status Summary."

## BACKGROUND[2]

Addison is currently an inmate in DOC custody at State Correctional Institution Benner Township (SCI-Benner). In July 2003, the police arrested Addison and charged him with criminal homicide (State Charges). On January 9, 2006, after a jury found Addison guilty, the trial court sentenced Addison to 20 to 40 years at a state correctional institution (State Sentence). Relevant to Addison's Petition, the trial court specified that his State Sentence was to run "consecutive to [the] federal sentence 'now serving[.]'" Petition, Ex. B.[3]

Regarding the trial court's reference to Addison's federal sentence, the United States Attorneys' Office initiated criminal charges against Addison in February 2004. By federal indictment, the United States Attorneys' Office charged Addison with selling, distributing, or dispensing cocaine, possessing with intent to distribute cocaine, and unlawfully transporting a firearm (Federal Charges). Subsequently, a magistrate issued an arrest warrant and a writ of habeas corpus *ad prosequendum* for Addison to appear and then be returned to the custodian of the Allegheny County Jail where he was being held on his State Charges.[4] In April 2005, Addison pled guilty to possessing with intent to distribute cocaine and unlawfully transporting a firearm and, in July 2005, the federal district court sentenced him to be committed to the Bureau of Prisons for 188 months (Federal Sentence).

---

[2] The facts are as alleged in Addison's Petition and attached exhibits. Additionally, we consider information contained in the public dockets as this Court may take judicial notice of information contained in public dockets. *Moss v. SCI – Mahanoy Superintendent Pa. Bd. of Prob. & Parole*, 194 A.3d 1130, 1137 n.11 (Pa. Cmwlth. 2018).

[3] Addison's Petition is not paginated, and the attached exhibits are not marked, so we incorporate page and exhibit numbers for ease of reference.

[4] A writ of habeas corpus *ad prosequendum* permits one sovereign to briefly borrow a prisoner in the custody of another sovereign for the purpose of prosecuting him.

Attached to Addison's Petition is his DC16E form, which is DOC's form providing a summary of an inmate's sentence status. *See* Petition, Ex. C. In section five of the DC16E form, entitled "Detainers," the form indicates there is a federal detainer lodged against Addison by the U.S. Marshall for the Federal Sentence. Additionally, a notation indicates Addison is "to serve [the State Sentence] first." Petition, Ex. 3. This notation is the basis for Addison's Petition.

In his Petition, Addison asserts his DC16E form indicates that he is to serve his State Sentence first, which is inconsistent with the trial court's State Sentence order, which states Addison is to serve his State Sentence "consecutive to [his Federal Sentence] 'now serving.'" Addison asks this Court to direct DOC to "correct" its DC16E form to reflect the trial court's order that his State Sentence be consecutive to his Federal Sentence. *Id*. Additionally, Addison indicates he is owed 2 years, 5 months, and 13 days of credit for time served that he was not credited. *Id*.

In response to Addison's Petition, DOC filed its PO in the nature of a demurrer, asking this Court to dismiss the Petition because it fails to state a claim upon which relief may be granted. DOC's PO at 9. Specifically, DOC asserts Addison is not entitled to have the federal detainer removed from his record or to the time credit he requests. *Id*. at 4. Additionally, DOC argues Addison failed to establish that DOC has a duty to substantiate his request to remove the federal detainer or to apply any additional credit for time served. *Id*. at 5. Finally, DOC asserts the facts alleged in the Petition fail to demonstrate that Addison lacks any other appropriate or adequate remedy to address the issues. *Id*. at 7.

**DISCUSSION**

Mandamus is an extraordinary remedy that is used to compel a government agency to act where a petitioner can show (1) a clear right to relief, (2) a corresponding duty on the government agency to act, and (3) lack of an alternative legal remedy. *Humphrey v. Dep't of Corr.*, 939 A.2d 987, 991 (Pa. Cmwlth. 2007) (citing *McCray v. Dep't of Corr.*, 872 A.2d 1127, 1131 (Pa. 2005)). The purpose of mandamus is not to establish legal rights, but to enforce those rights which have already been established. *Lawrence v. Dep't of Corr.*, 941 A.2d 70, 72 (Pa. Cmwlth. 2007). When a petitioner seeks a writ of mandamus, "his threshold burden is to establish a clear legal right to relief." *Garber v. Dep't of Corr.*, 851 A.2d 222, 225 (Pa. Cmwlth. 2004).

In ruling on DOC's PO, this Court is limited in its review to Addison's Petition and any attached documents or exhibits. *Freemore v. Dep't of Corr.*, 231 A.3d 33, 37 (Pa. Cmwlth. 2020) (quoting *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010)). We "consider as true all well-pled material facts set forth in the [Petition and attached documents] and all reasonable inferences that may be drawn from those facts." *Richardson v. Beard*, 942 A.2d 911, 913 (Pa. Cmwlth. 2008). Where it is "clear and free from doubt" that facts pled are legally insufficient to establish a right to relief, we will sustain a preliminary objection. *Id.*

We begin by addressing Addison's request that this Court order DOC to "correct" its DC16E form to reflect the trial court's notation regarding the order in which he is to serve his sentences. In support of its PO, DOC argues Addison is not entitled to mandamus relief because the doctrine of primary jurisdiction requires Addison satisfy his State Sentence before he can be released to federal authorities to serve his Federal Sentence. We agree with DOC.

4

Generally, under the primary jurisdiction doctrine, the sovereign that arrests a defendant first has primary jurisdiction over him. *Newsuan v. Dep't of Corr.*, 853 A.2d 409, 411 (Pa. Cmwlth. 2004). Primary jurisdiction then remains with the sovereign until it relinquishes its jurisdiction by, for example, release on bail, dismissal of charges, parole release, or the expiration of the sentence. *Id.* When a federal court and state court have jurisdiction over a defendant, the tribunal which first obtained jurisdiction holds it "to the exclusion of the other until the first tribunal's jurisdiction is exhausted." *Id.* at 412. When a state has primary jurisdiction, federal custody over a defendant begins only when the state relinquishes him on satisfaction or extinguishment of the state obligation. *Id.* "A federal sentence does not begin to run until the defendant is delivered to the place where the sentence is to be served." *Id.* at 412 (citation omitted).

Conversely, a writ of habeas corpus *ad prosequendum* permits one sovereign to briefly borrow a prisoner in the custody of another sovereign for the purpose of prosecuting him. *Morgan v. Pa. Bd. of Prob. & Parole*, 814 A.2d 300, 303 (Pa. Cmwlth. 2003). The receiving sovereign obtains only limited jurisdiction and the prisoner is still considered under the jurisdiction and in the custody of the sending sovereign. *Id.* at 303.

> A prisoner detained pursuant to a writ *ad prosequendum* is considered to remain in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the person. The receiving sovereign-in this case, the federal government-is, therefore, considered simply to be "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him. For the purposes of computing [the Defendant's] sentence, therefore, the time spent in federal custody pursuant to a writ *ad prosequendum* is credited toward his state sentence, not his federal sentence.

5

*Ruggliano v. Reish,* 307 F.3d 121, 125 n. 1 (3d Cir. 2002) *superseded on other grounds by* United State Sentencing Commission, *Guidelines Manual*, § 5G1.3 cmt. n.3(E) (2003).

Here, the Commonwealth arrested Addison first. Therefore, the Commonwealth had primary jurisdiction over Addison. The writ of habeas corpus *ad prosequendum* was issued to enable Addison to appear and answer to his federal charges. Consequently, Addison remained in the Commonwealth's primary jurisdiction and custody. The writ did not release Addison to federal authorities for the purpose of serving a federal sentence. Rather, it merely allowed Addison to enter his plea and receive his sentence for those charges. Any notation in Addison's sentencing documents indicating otherwise is an error, but is harmless because the law is clear: because the Commonwealth had primary jurisdiction over Addison, the Commonwealth's jurisdiction does not end until the Commonwealth relinquishes it at the expiration of Addison's State Sentence. Addison's Federal Sentence does not begin to run until he is delivered to the place where he will serve his Federal Sentence.

Accordingly, Addison does not have a clear legal right to serve his Federal Sentence before his State Sentence. Similarly, DOC does not have the authority, let alone a corresponding duty, to direct that Addison serve his Federal Sentence prior to his State Sentence. Thus, having failed to establish the requisite elements for mandamus, Addison has failed to state a claim upon which relief can be granted.

Next, we consider Addison's assertion that he is owed 2 years, 5 months, and 13 days of credit for time served. DOC asserts it is not permitted by law to apply any requested credit absent a court order directing the application of time credit. We agree.

6

A writ of mandamus will lie to compel DOC to properly compute an inmate's prison sentence. *Lawrence*, 941 A.2d at 72. However, DOC is "an executive branch agency that is charged with faithfully implementing sentences <u>imposed by the courts</u>." *McCray v. Pa. Dep't of Corr.*, 872 A.2d 1127, 1133 (Pa. 2005) (emphasis added). While it is DOC's duty to correctly compute and implement an inmate's sentence, it lacks the power to modify a sentence at an inmate's request. *Id*.

Here, while Addison makes the general assertion that he is owed credit for time served, he does not allege the trial court awarded him credit for time served. Additionally, the sentencing documents attached to the Petition do not reflect any credit for time served. *See Philmar Mid–Atlantic, Inc. v. York Street Assocs. II*, 566 A.2d 1253, 1254 (Pa. Super. 1989) ("[I]n the context of a demurrer ... it is not necessary to accept as true averments in the complaint which are in conflict with exhibits attached to the complaint."). Therefore, Addison is not challenging DOC's computation of his sentence. Instead, Addison is asking this Court to order DOC to modify his sentence. DOC does not have the legal authority to modify an inmate's sentence and this Court will not compel an illegal act. *See Doxsey v. Com., Pa. Bureau of Corrections*, 674 A.2d 1173, 1175 (Pa. Cmwlth. 1996). Mandamus is therefore not available to compel DOC to grant credit for time served that was not awarded by the trial court. Thus, Addison has failed to state a claim upon which relief can be granted.[5]

---

[5] Further, Addison's Petition does not reflect that he lacked another adequate remedy. If Addison believed the trial court's sentencing order did not properly credit him with time served, Addison's remedy was to appeal the trial court's order.

**CONCLUSION**

Even accepting as true all well-pled material allegations in Addison's Petition, the facts pled are not sufficient to establish a right to relief. Accordingly, DOC's PO is sustained, and Addison's Petition is dismissed.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania :
:
v. : No. 88 M.D. 2021
:
Raymel Addison, :
Petitioner :

**PER CURIAM**          **O R D E R**

    **AND NOW**, this 20th day of January 2023, the preliminary objection of the Pennsylvania Department of Corrections is hereby **SUSTAINED** and Raymel Addison's petition for review is **DISMISSED**.